By the Court.—O’Gorman, J.
The plaintiff, a man of seventy-two years of age, was on May 7, 1883, traveling on defendants’ cars going up-town. When at 50th street, or half way between that street and 51st street, he said to the conductor, “ Stop at the next street, I want to get off.” The plaintiff then went out on the rear platform on the west side of the car, put his right foot down on the step, holding his stick in his right hand, and holding with his left hand the rail of the rear dash board. The speed of the car, slacked up before it reached 51st street, and it stopped there, as plaintiff thought, or almost stopped; and as he *115 stepped down it started again with. a jerk and he was thrown heavily on the crosswalk. His left foot caught in something, and' he was dragged about three feet.
This evidence disclosed the presence of negligence on the part of the defendants.. To start a car suddenly with a jerk when a passenger is getting off from it, is negligence (Roberts v. Johnson, 58 N. Y. 613; Colt v. Sixth Ave. R. R. Co., 33 Super. Ct. 189 ; S. C., 49 N. Y. 671; Lax v. Forty-second, &c. R. R. Co., 46 Super. Ct. 448).
Whether the evidence also disclosed the absence or presence of negligence on the part of the plaintiff contributing to the accident, was the question to be determined at the trial of this case. The fact of a traveler getting off a car while still in motion, is not “per se,” ai d as matter of law, negligence, but is a question for the jury (Maher v. C. P., N. & E. R. R. R. Co., 67 N. Y. 52; Eppendorf v. B. C. & N. R. R. Co., 69 2d. 195 ; Pouilon v. B. & Seventh Ave. R. R. Co., 61 Id. 621; Nichols v. Sixth Ave. R. R. Co., 38 Id. 131).
The degree of care and caution required of a man of the age of the plaintiff, and whether, in the manner of his getting off the car, he exercised, such care, as, under all the circumstances, a prudent man should have exercised, was also a question for the jury.
In general, negligence is a mixed question of law and fact, and is to be determined by a jury.
To justify a nonsuit on the ground of contributing negligence of the plaintiff, the negligence must appear so clearly that no construction of the evidence or inference from facts, would have warranted a contrary conclusion, etc. (Stackus v. N. Y. C. & H. R. R. R. Co., 79 N. Y. 464; Wendell v. N. Y. C. & H. R. R. R. Co., 91 Id. 420; Thurber v. H. B., M. & F. R. R. Co., 60 Id. 326).
The judgment appealed from, should be affirmed with costs, and the order appealed from be also affirmed, with $10 costs.
Sedgwick, Ch. J., concurred.