T. H. STAGER, ADMR., v. RIDGE AVE. PASS. RY. CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 26, 1888—Decided February 27, 1888.

1. It would be a hard rule to hold a passenger guilty of contributory negligence in attempting to board a street-car moving so slowly that there would be no apparent danger whatever in the attempt—so slowly that a person of reasonable prudence, in the exercise of ordinary care, would not hesitate to make the effort: Per CLARK, J.

2. In all cases of doubt, the question must be left to the jury to say whether, under all the circumstances, the danger of boarding a street-car when in motion was so apparent as to make it the duty of the plaintiff to desist from the attempt.

3. Where personal injuries are received by a passenger before he has placed himself in the carrier's hands, the mere fact of the injury is not enough to make a prima facie case for the plaintiff; and, unless some act of negligence on the part of the company or its servants, producing the injury, is shown, it is not error to order a nonsuit.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 121 January Term 1888, Sup. Ct.; court below, No. 952 December Term, 1883, C. P. No. 4.

On February 2, 1884, an action was begun by Harry W. Stager, by his father and next friend, Theodore H. Stager, against the Ridge Avenue Passenger Ry. Co., to recover dam-

ages for personal injuries. On January 29, 1885, the death of Harry W. Stager was suggested and Theodore H. Stager, his administrator, was substituted as plaintiff.

At the trial on March 1, 1887, before ARNOLD, J., the case of the plaintiff was made out by the testimony of several witnesses corroborating the testimony of Harry W. Stager taken by deposition before his death occurring in April, from the injuries received eleven weeks before. ' He testifies that on the morning of January 7, 1884, he was on his way to his work and hailed the defendant company's car :

I was standing on the east side of Fifteenth street, and on the south side of Ridge avenue, about quarter of eight in the morning, and I signaled to the driver of a car on the Ridge Avenue line to stop, and he slackened up almost to a stop so that any one could get on handy. I got my right foot on and got a hold of both handles, and was going to throw the other one on, and the horses started up as if they had been struck with a whip, with a sudden jerk; I don't know whether they were struck with the whip or not. The jar was so sudden that it threw my leg off, and I lost the grip of my right hand which was on the guard of the dasher, which was towards the front of the car going down town. This was the front platform. I thought it was not so full as the back platform. The sudden jerk threw my foot off and caused me to lose the grip of my right hand; that threw me under the car and I held on with my left hand as long as I could, and then I had to let go and I went down flat on my back, and the wheels of the car passed over both legs. Before I got in I saw people on the back platform. I saw them from a distance before I crossed Fifteenth street, and there seemed to be people there, and it looked as if it was crowded. I did not notice the number of people in the inside of the car. There were some people on the front platform, but there was room for more. There were no guards or gates on the front platform.

Passengers were accustomed to get on and off the cars of this line by the front platform as well as by the rear platform.

It appeared that the boy's father had brought an action in his own right, for the same injuries.

At the close of the plaintiff's case, on motion, the court ordered a compulsory nonsuit. Subsequently a rule to show

cause why the judgment of nonsuit should not be taken off, was discharged, ARNOLD, J., delivering the opinion, ruling that the evidence of the plaintiff showed that the injury which resulted in the death of Harry W. Stager was caused by his own negligence in attempting to get upon a moving car by way of the front platform; he had signaled the driver to stop, and the car's speed was slackened nearly to a full stop, when, without waiting, he jumped on the front platform of the car, lost his hold, fell off, and was run over; the accident occurred at a point from three to five feet below the street crossing; had he waited a second or two, the car would have been completely stopped, and he could have entered it by the rear platform, and if he had fallen off he would not have been run over; citing: Penn. R. Co. v. Aspell, 23 Pa. 147; Whart., Neg., § 369; Johnson v. Railroad Co., 70 Pa. 357; Phillips v. Railroad Co., 49 N. Y. 177; Little Schuylkill Nav. Co. v. Norton, 24 Pa. 465; Catawissa R. Co. v. Armstrong, 49 Pa. 186.

Thereupon the plaintiff took this writ, assigning for error the refusal to take off the judgment of nonsuit.

*Mr. John Scollay*, for the plaintiff in error:

1. It seems clear from the testimony that the proximate or juridical cause of the accident was not the attempt to get on the car while still in its forward movement, but it was the negligence of the driver in allowing the car suddenly to jerk forward and thus throw the boy off. The want of ordinary care on the part of the plaintiff must have been the proximate cause, else it is not a defence: Pass. Ry. Co. v. Boudrou, 92 Pa. 475; Oil City Gas Co. v. Robinson, 99 Pa. 1; Shaffer v. Railroad Co., 105 U. S. 249.

2. It is not contributory negligence of itself for one to board a moving street car, unless in exceptional cases when the car is moving rapidly: Rathbone v. Pass. Ry. Co., 13 R. I. 709; Eppendorf v. B. City Ry. Co., 69 N. Y. 195; Mettlestadt v. Railroad Co., 4 Robt. 377; Pass. Ry. Co. v. Green, 56 Md. 84; Dietrick v. Railroad Co., 58 Md. 347. Nor is it negligence of itself even to continue to ride upon the platform of a street railway car: Pass. Ry. Co. v. Walling, 97 Pa. 55; nor to stand on the steps holding the railing: Fleek v. Railroad Co., 134 Mass. 481; Huelsenkamp v. Railroad Co., 34 Mo. 45.

3. When the alleged facts are the subject of inference from other facts and circumstances shown by the evidence, it is the exclusive province of the jury to consider the testimony and ascertain the facts under proper instructions from the court: Longenecker v. Penn. R. Co., 105 Pa. 328; North Penn. R. Co. v. Heileman, 49 Pa. 60; Detroit, etc. R. Co. v. Van Steinberg, 17 Mich. 99, 118.

*Mr. J. Howard Gendell,* for the defendant in error:

1. The testimony (reviewed) discloses no negligence on the part of the defendant's driver.

2. It was contributory negligence for Stager to attempt to board a moving car by the front platform: cases cited by the court below.

3. Even if the plaintiff, the administrator of the injured person, had proved a cause of action, he failed to show a right to maintain his suit. No right of action for injuries resulting in death passes to an administrator: Books v. Danville Borough, 95 Pa. 158.

OPINION, MR. JUSTICE CLARK:

This suit was brought by Harry W. Stager, in his lifetime, to recover damages for a personal injury which, it is alleged, he sustained through the negligence of the company's servants, on January 7, 1884, which injury afterwards resulted in his death. The administrator of his estate has been substituted in the action, and the cause came to trial upon an issue formed between the plaintiff's legal representative and the company.

It is admitted that Stager attempted to board the car at the front platform, whilst the car was in motion. He succeeded in getting on the lower step with one foot only, and before he could establish himself there, a sudden motion of the car forward threw him off, and he fell under the wheels. It is not definitely shown at what rate the car was moving at the time of the occurrence. Stager had given the conductor a signal to stop, and as the car approached the crossing it "slowed up;" but before it had fully arrived at the place where the stop was to be made, and whilst it was still in motion, he attempted to enter by the front platform, with the result stated. The evidence seems to show that the car was moving quite slowly, but it did not stop.

We are not prepared to say, as matter of law, that the attempt of a passenger to board a street car, whilst it is in motion, is to be considered an act of negligence, no matter what may be its rate of speed. A car may be moving so slowly that there would be no apparent danger whatever in attempting to enter it; so slowly that a person of reasonable prudence, in the exercise of ordinary care, would not hesitate to make the effort. It would be a hard rule that would hold a passenger guilty of culpable contributory negligence in such a case. In all cases of doubt, the question must be left to the jury to say, under all the circumstances, whether the danger of boarding the train when in motion ·was so apparent as to have made it the duty of the plaintiff to desist from the attempt: Johnson v. Railroad Co., 70 Pa. 357. Nor can we say that the act of entering the car by the front platform, when the car was in motion, regardless of its rate of speed, was an act of negligence per se. Passengers generally entered the cars of this company by the rear platform, but it seems, although there was no invitation to do so, they were permitted to enter on the front platform also ; there was no known rule of the company against it. The fact that the attempt was·made at the front platform is undoubtedly a circumstance to be considered in connection with the fact that the car was at the time in motion; yet we are not clear that either one of these circumstances, or both of them together, can, as matter of law, be held to constitute negligence. There are cases, of course, where the act of jumping either on or off a rapidly moving car may be said to be negligence per se, as in Penn. R. Co. v. Aspell, 23 Pa. 147, and McClintock v. R. R. Co., 20 W. N. 133; but in a case like this, where a street car is said to have "slowed up slow," as it usually does for a man to get on, "so that any one could get on handy," etc., the question becomes one of doubt, a definite sentence cannot well be pronounced upon it, and the question becomes one for the jury upon a full consideration of the whole case to determine the fact of negligence.

But the plaintiff, in order to recover, must show that the personal injury received by Harry W. Stager was the result of some act of negligence on the part of the company or its servants. The mere fact of the injury, under the circumstances of this case, is not enough; the injury was received before the

Opinion of the Court.

passenger had placed himself in the carrier's hands. It is only when the injury occurs from agencies peculiarly within the defendant's power that he can be presumed without proof to have acted negligently: Whar. on Neg., 661. The burden of proof rested with the plaintiff, and unless some act of negligence on part of the company or its servants is shown, the cause of action is not made out. It is said that when Stager landed upon the first step of the car, there was a sudden start or jerk which threw him off, and that the injury resulted from this rather than from his attempt to get on the car whilst it was still in motion. But it has not been shown that this sudden movement of the car was in any way attributable to the driver. It is suggested that he may have removed the brake or applied the whip, but there is not the slightest proof that he did either. Stager was on the step at the side of the driver, and he does not pretend to say that the driver did anything to produce this result. It was a cold morning in January; the track was probably covered with ice; the horses may have been impatient from the cold, and the quick motion of the car forward might just as well be attributed to either or both of these causes as to the action of the driver. The truth is, however, that there is not the slightest proof on the subject; there was nothing in the evidence from which any well-founded inference could be drawn as to which of the several causes mentioned the sudden motion of the car was to be attributed; and it is plain that the jury would not be justified in determining the fact from mere conjecture. Facts are for the consideration of the jury only when there are facts to consider, and neither the court nor the jury in such a case was justified in making a guess as to the cause of the sudden starting of the car.

In this aspect of the case, it is unnecessary for us to decide what would have been the measure of the plaintiff's recovery, in view of the fact that the father has also brought an action to recover damages for the death of his son under the act of April 26, 1855. We are of opinion that the learned court below was right upon the grounds stated in his opinion in entering the nonsuit, and therefore

The judgment is affirmed.