# Linch *v.* Pittsburgh Traction Co., Appellant.

*Negligence—Street railways—Injury to passenger while alighting.*

In an action to recover damages for personal injuries against a street railway company, it is proper to submit the case to the jury where the plaintiff testifies that while riding on the back platform of a cable car he told the conductor to stop and leave him off at a certain street; that the conductor rang the bell and the car slowed up; that plaintiff stepped down on the lower step, holding his dinner bucket in his right hand, and taking hold of the car handle with his left; that the car did not stop, and just as plaintiff was about to step to the ground the car started ahead at full speed; that plaintiff held on a little bit, and then swung around and fell up alongside of the car, and dislocated his shoulder.

Argued Oct. 28, 1892. Appeal, No. 57, Oct. T., 1892, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 148, on verdict for plaintiff, John Linch. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

At the trial, before McCLUNG, J., plaintiff testified that on the evening of May 20, 1891, he was riding on the back platform of a cable car of the defendant, and that, at the time he received the injuries complained of, the car was crowded. He described the accident as follows: "A. There is a curve before you come to Boston street, and as soon as the car turned that curve, I told the conductor to stop and leave me off at Boston street. He rang the bell, and the car slowed up. I had my dinner bucket in my right hand, as I was going home from work. I got down on the step and got hold of the car handle, the car never stopped, and just as I happened to make a step, the car started. I held on a little bit and I swung around and fell straight up along the side of the car and dislocated my arm from the shoulder. The car still kept going on, and I suppose 150 feet, less or more, the conductor and another man stopped the car and came back and picked me up and set me on my feet. Q. When you were going to get off the car, what throwed you off? A. Because they started up. Q. How did it start up? A. Going ahead full speed again. Q. What caused that, do you know; you said it slackened up?

A. Certainly it slackened up, but it started before I got off; when I was on the way of getting off. Q Started all of a sudden, did it? A. Yes, sir."

The court charged in part as follows :

" The allegation of the defendant here is that he was guilty of negligence by either standing on this lower platform or undertaking to get off when the car was in motion. According to my recollection of the testimony he said distinctly that, at the time, the car started; the car didn't come to a full stop at all—and at the time of the sudden start he was actually getting off. The question then for you to determine is whether it was negligence in him to attempt to get off in this way. If you should conclude that it was negligence in him to do it, you will probably hesitate very little in concluding that that negligence contributed to the injury. If he had been in some other position than alighting from the car, the probabilities are that he would not have got hurt. But was it negligence for him in that position to get off the car ? Ordinarily it would be considered negligence for a man to get off a moving car. We cannot say as a matter of law that it is an act which a careful man would not under any circumstances do, and, therefore, we must leave it to you to determine whether this plaintiff was in the exercise of due care when he attempted to get off this car while it was in motion. If he was not, you will find for the defendant."

Defendant's points were as follows :

" 1. There is no proof that the injuries complained of were the result of the defendant's negligence and the verdict must be for the defendant. *Answer :* This point is refused. We leave that to you. It is a question for you to determine whether there was or not." [1]

" 2. There is not sufficient proof that the injuries complained of were caused by defendant's negligence, and the verdict must be for the defendant. *Answer :* This point is refused. That is left to you." [2]

" 3. The uncontradicted evidence shows that the negligence of the plaintiff contributed to the injuries complained of, and he cannot recover. *Answer :* This is refused. It is, like the others, a question for the jury." [3]

4. Binding instructions for defendant. Refused. [4]

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*Geo. C. Wilson,* for appellant, cited, Stager v. Passenger Ry., 119 Pa. 70 ; Huey v. Gahlenbeck, 121 Pa. 238 ; Phila. R. R. v. Schertle, 97 Pa. 450 ; Ehrisman v. Ry., 150 Pa. 180 ; Reddington v. Traction Co., 132 Pa. 154.

*A. C. Robertson,* for appellee, cited as to duty of defendant to stop : P. R. R. v. Lyons, 129 Pa. 113 ; P. R. R. v. Kilgore, 32 Pa. 292 ; P. R. R. v. Peters, 116 Pa. 206 ; Johnson v. R. R., 70 Pa. 357 ; Stager v. Ry., 119 Pa. 70. It is not negligence to ride on platform : Thirteenth & Fifteenth Passenger Ry. v. Boudrou, 92 Pa. 475 ; Germantown Pass. Ry. v. Walling, 97 Pa. 55. It is not negligence per se to get on a moving street car : Stager v. Ry., 119 Pa. 70 ; Johnson v. R. R., 70 Pa. 357. As to legal presumption of negligence : Laing v. Colder, 8 Pa. 482 ; Sullivan v. P. R. R., 30 Pa. 234 ; Meier v. P. R. R., 64 Pa. 230 ; R. R. v. Naphey, 90 Pa. 135 ; P. & R. R. R. v. Anderson, 94 Pa. 358. Plaintiff's evidence is enough to take case to jury : Alvord v. P. W. & B. R., 128 Pa. 42. Negligence and contributory negligence questions for the jury : R. R. v. White, 88 Pa. 329 ; R. R. v. Werner, 89 Pa. 59 ; R. R. v. Henrice, 92 Pa. 431 ; R. R. v. Walling, supra. Evidence to justify inference of disputed fact must go to jury, no matter how strong countervailing proof : Howard Express Co. v. Wile, 64 Pa. 201 ; Alvord v. R. R., supra ; P. R. R. v. Horst, 110 Pa. 226. In Stager v. Ry., the motive power was horses, and the car was not under absolute control of the driver, and the sudden starting of the car might be attributed to a half dozen causes. But here the conductor and gripman were prima facie negligent : R. R. v. Naphey, 90 Pa. 135, and cases cited in connection therewith, supra.

PER CURIAM, January 3, 1893 :

Each of the defendant's points referred to in the specifications of error involved a binding instruction in its favor. This the learned judge below could not have properly given in view of the evidence. We do not think it was a case that could have been withdrawn from the jury. A discussion of the evidence is unnecessary.

Judgment affirmed.