# Walters *v.* Phila. Traction Co., Appellant.

*Negligence—Street railways—Passenger—Getting on car.*

In an action by a passenger against a street railway company to recover damages for personal injuries suffered while getting on one of defendant's cars, the case must be submitted to the jury where the evidence is conflicting as to whether the car was in motion when the plaintiff attempted to get on.

In such a case it is not improper for the court to charge that if the car had stopped, or was in the act of stopping, or was in such a condition of running or stopping as induced the plaintiff to think it was about to stop, then he had a right to get on, and if the car started before he was safely seated in the car, and an injury resulted therefrom, then the verdict should be for plaintiff.

Argued March 22, 1894. Appeal, No. 211, Jan T., 1894, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 335, on verdict for plaintiff, Thomas Walters. Before STERRETT, C. J, GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before FINLETTER, P. J.

At the trial it appeared that plaintiff was injured while attempting to get on a street car. He testified in part as follows:

"On Friday, March 13, 1891, I was coming down to the city, and I stopped at Thirty-second street, in West Philadelphia, and waited for a car. I saw a car coming, and I hailed the car and tried to board it. It gave a jerk and I slipped. I went to save myself and caught ahold of the handle, and the step pulled me under, and I hurt my shoulder, and arm, and side, and hip, and my knee. . . . Q. Did you, or did you not, say that the car stopped? A. It did stop. Q. The car stopped? A. It stopped, and when I fell off the conductor pulled me on again."

The gripman, the conductor and two passengers testified that the car was moving when plaintiff attempted to get on.

The court charged in part as follows:

"You have heard the testimony of the witnesses, and you have had an opportunity to observe their manner while on the stand. The presumption is that every witness who appears

upon the stand intends to tell the truth, but it does not always follow that, because a witness intends to tell the truth, he does tell the truth. Very much depends upon the position that he occupies in relation to the case in which he is called upon to testify, and therefore, even when it appears in the case that witnesses contradict each other, positively and flatly contradict each other, you should be cautious in arriving at the conclusion that either has committed perjury, or intended to commit perjury. [The jury should, at all times where testimony is conflicting, endeavor to reconcile it, and, if possible, come to the conclusion that the witnesses intend at least to tell the truth, although there is evidence of such a character as to impress the jury unfavorably.] [1]

" In this case you have heard the witnesses for the plaintiff and the defendants, and it is your duty carefully to consider all that each of the witnesses said, and consider the testimony of each witness in the light of the testimony of all the other witnesses and the circumstances of the case.

" Of course, from what I have said to you, you will see that [the important question in this case is whether or not the car had stopped or had come to such a condition of stopping as to induce the passenger to believe that it was about to stop, and if it had come to such a condition, and if he had come to that conclusion and he was about to enter and it was started before he had got fairly into the car, and an accident occurred in consequence thereof, he is entitled to recover.] [2]   If he attempted to get upon the car whilst it was running, as one of the witnesses said, from eight to nine miles an hour, or running at the usual speed, of course he is not entitled to recover.

" If you arrive at the conclusion that the car was in motion and was not in that condition of motion which would induce any reasonable man to get on, then the plaintiff cannot recover. [If, however, you should come to the conclusion that it had stopped, or was in the act of stopping, or was in such a condition of running or stopping as induced the plaintiff to think it was about to stop, then he had a right to get on, and if the car started before he was safely seated in the car, and an injury resulted therefrom, then your verdict should be for the plaintiff. If you come to that conclusion, then you must consider the compensation he is entitled to for the injuries which he has received.] " [3]

Verdict and judgment for plaintiff for $1,500.

*Errors assigned* were (1–3) above instructions, quoting them.

*Thomas Leaming,* for appellant, cited: Steinbrunner v. Ry., 146 Pa. 504; Picard v. Ry., 147 Pa. 195.

*Samuel Peltz,* for appellee, cited: Stager v. Ry., 119 Pa. 70.

PER CURIAM, April 2, 1894:

Plaintiff's right to recover depended on questions of fact which were clearly for the consideration of the jury. These questions were properly submitted to them with instructions which appear to be adequate and free from any error of which defendant has any just reason to complain. The only subject of complaint is that part of the charge recited in the specifications of error. There is nothing in either of these excerpts that would justify a reversal of the judgment.

Judgment affirmed.