## Austrian *v.* United Traction Company, Appellant.

*Negligence—Street railways—Mounting summer car.*

If a street railway car has stopped, or is in the act of stopping, or is in such a condition of running or stopping as induces an intending passenger to think that it is about to stop, the passenger has a right to get on, and if the car starts before he is safely seated in the car, and an injury results therefrom, the company is liable.

In an action by a woman against a street railway company to recover damages for personal injuries sustained in mounting an electric open or summer street car, the case is for the jury where the evidence tends to show that plaintiff approached the car from the side on which was a second track, and from behind a car passing on that track, that she believed the car stopped in response to her signal, and that as soon as she stepped up on the step, the car started resulting in plaintiff's injuries. In such a case it is immaterial that the plaintiff had a concealed infirmity in having suffered an injury to her knee about two weeks prior to the accident.

Argued Nov. 12, 1901. Appeal, No. 102, Oct. T., 1901, by defendant, from judgment of C. P. Berks Co., June T., 1898, No. 15, on verdict for plaintiff, in case of Fannie E. Austrian *v.* United Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ERMENTROUT, P. J.

The circumstances of the accident are detailed in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Richmond L. Jones,* for appellant.—Plaintiff was guilty of contributory negligence : Bornscheuer v. Consolidated Traction Co., 198 Pa. 332; Tietz v. Phila. Traction Co., 169 Pa. 516; Malpass v. Hestonville, etc., Pass. R. R. Co., 189 Pa. 599.

*J. H. Jacobs,* of *Jacobs & Keiser,* for appellee.—The case was for the jury : Schnur v. Citizens' Traction Co., 153 Pa. 29; Shuart v. Consolidated Traction Co., 15 Pa. Superior Ct. 26; Jones Bros. v. Greensburg, etc., Street Ry. Co., 9 Pa. Superior Ct. 65; Walters v. Phila. Traction Co., 161 Pa. 36; Moran v. Versailles Traction Co., 188 Pa. 557; Kane v. Philadelphia, 196 Pa. 502; Dormer v. Alcatraz Paving Co., 16 Pa. Superior Ct. 407; Allen v. Warwick Twp., 9 Pa. Superior Ct. 507; Breunniger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461.

OPINION BY ORLADY, J., February 14, 1902:

The plaintiff recovered a verdict against the defendant for injuries sustained by her in mounting an electric open or summer street car. The important part of her testimony is as follows : " Q. Just state a little more minutely how the accident happened. You say you stepped on the first step, the lower step. Is that right? A. Yes, sir, when I was on the lower step. Q. And you were thrown how? A. The sudden starting of the car threw me forward. Q. How did you light? A. I struck my knee up against the platform of the car." On her cross-examination the testimony was as follows : " Q. You approached the car which was on the north track from the south side, so that you had to cross the other track before you reached this car? A. Yes, sir. Q. And you got on the car on the side nearest the other track? A. Yes, sir. I hailed the car as it came along and it stopped at Eckert's crossing. Q. A number of passengers got on the other side? A. Yes, sir. Q. On your side, there was a car going east for which you waited to pass, was there not? A. Yes, sir. Q. When you stepped upon the step you say the car started? A. Yes, sir. Q. Did it stop immediately? A. They rang the bell; after I was on the car and assisted to my seat, of course the car stopped. Q. You didn't tell the conductor that you were hurt? A. No, sir, I was too much frightened. The car was standing still when I stepped up first. There were no guard chains nor any-

thing else on the side of the car I got on." Henry Martz, a witness for the defendant, testified that " as the east car got by, Mrs. Austrian came right across the east track and stepped on the car just as it started, he saw her and looked around and called to the conductor, and about the same time the conductor pulled the bell and stopped the car." The conductor was on the other side helping people on.

Neither the conductor, or motorman was called and the defendant contends that the plaintiff was guilty of contributory negligence in not taking greater precautions in mounting the car from the east side and from behind a passing car, for the reason that she had a concealed infirmity in having suffered an injury to her knee about two weeks prior to the accident. The appellant very truthfully argues that electric cars in their rapid transit make short stops, that passengers are in the constant habit of mounting cars when they are about to move and in rising to dismount before the cars stop; and contends that conductors cannot control this movement of passengers and that they may assume, when people take such chances, that they are agile and able-bodied. Let it be so granted, but that does not absolve the company from liability for negligent acts. It is true that the demands of the public for rapid transit are well answered by the electric street cars and the very demand of the service is that no time shall be wasted in mounting and dismounting; every inducement is offered to save time but in this economy of time it has never been held that the standard of duty of the carrier has been lessened in any degree. It may well be argued that it is the clear duty of the conductor not to start the cars until he sees that the passenger is safely on. This is more important where the run-board or steps on each side of the open or summer car gives an invitation to mount from either side, the whole length of the car. The appellee's argument frankly concedes the habit of the public in this respect, and since that habit was so well known to the conductor and motorman, it should have been heeded by them and due precaution used to avoid injury to the passenger. While the short schedule of rapid transit is an important aim of the public it is of no advantage unless accompanied by safe transportation. If the plaintiff's testimony is to be accepted as true, and there is no reason why it should be questioned, she believed that the

car stopped in response to her signal, and the foot board and open car with the transverse seats fully warranted her in entering it from the east side, or at least a jury would be fully warranted in so finding. The fact that the conductor was on the opposite side of the car made it the more important for him to view the east side before giving the signal to the motorman to start forward. Any other rule would limit his care to a part of the car only. She was a passenger, and the carrier's duty was that she should not be injured, if the highest degree of care could prevent it: Keator v. Scranton Traction Co., 191 Pa. 102. Under the plaintiff's testimony, she was entitled to her verdict, and if the defendant's testimony is to be considered, the contradictions are such as to make it a case for the jury.

It was held in Walters v. Philadelphia Traction Company, 161 Pa. 36, to be adequate and free from error to say to the jury in a case in many respects similar to this one, " If you arrive at the conclusion that the car was in motion, and was not in that condition of motion which would induce any reasonable man to get on, then the plaintiff cannot recover. If, however, you should come to the conclusion that it had stopped, or was in the act of stopping, or was in such a condition of running or stopping as induced the plaintiff to think it was about to stop, then he had a right to get on, and if the car started before he was safely seated in the car, and an injury resulted therefrom, then your verdict should be for the plaintiff." It is not necessary to go to this length in sustaining that part of the charge quoted in the fourth assignment of error. It was certainly claimed by the defendant, under the testimony of Henry Martz, that the plaintiff boarded the car while it was in motion (" Q. Before she attempted to get on, the car was in full motion? A. No, sir, it was n't in full motion; just as the car started she got on and I hollered to the conductor and he pulled the bell), for which reason the court did not err in that part of the charge embraced in the third assignment of error.

The fact that the plaintiff was not corroborated by other witnesses doubtless did increase her difficulty in securing a verdict but the jury and not the trial judge was the tribunal to pass on her credibility.

The assignments of error are overruled and the judgment is affirmed.