## Powelson, Appellant, *v.* United Traction Company.

*Negligence—Street railways—Getting on car—Moving car.*

In an action against a street railway company to recover damages for personal injuries, the case is for the jury, where the evidence for the plaintiff, although contradicted, tended to show that plaintiff boarded a summer car; that when he saw the car coming about one hundred feet distant he waved his hand to the motorman to stop, who at once put on the brakes so that when it reached plaintiff it had almost stopped, and he stepped up on the running board and was about to go into the body of the car when the conductor rang the bell for the car to start; that it was instantly started with a jerk and threw him off and injured him.

Argued Oct. 30, 1902.  Appeal, No. 107, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 43, on verdict for defendant in case of James Powelson v. United Traction Company.  Before MITCH-ELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries.  Before EVANS, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Rody P. Marshall*, with him *John C. Haymaker*, for appellant.—In all cases where the inferences to be drawn from the facts are in doubt, the case must be left to the jury : Schum v. Penna. R. R. Co., 107 Pa. 812 ; Penna. R. R. Co. v. Coon, 111 Pa. 430 ; Penna. R. R. Co. v. Peters, 116 Pa. 206.

Inasmuch as the car stopped, or was slowed up to such an extent that it was in the act of stopping, at the signal and instance of the plaintiff, there was an invitation to become a passenger : Shearman & Red. on Negligence, section 490 ; Walters v. Traction Co., 161 Pa. 36 ; Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70 ; Lyons v. Penna. R. R. Co., 129 Pa. 113 ; Victor v. Penna. R. R. Co., 164 Pa. 195.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellee.—It is submitted that the trend of the decisions of this court is in the direction of the view that it is negligence per se to get off or on a moving car : McCracken v. Traction Co., 201 Pa. 378 ; Jagger v. People's Street Ry. Co., 180 Pa. 436 ; Del. & Hudson Canal Co. v. Webster, 18 W. N. C. 339 ; Schepers v. Union Depot Ry. Co., 126 Missouri, 665 (29 S. W. Repr. 712) ; Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70 ; Victor v. Penna. R. R. Co., 164 Pa. 190 ; Lyons v. Penna. R. R. Co., 129 Pa. 113.

OPINION BY MR. JUSTICE DEAN, January 5, 1903 :

The plaintiff is fifty-eight years of age.  On June 25, 1900,

he boarded a summer car in Allegheny city; when he saw the car coming about 100 feet distant he waved his hand to the motorman to stop, who at once put on the brakes so that when it reached plaintiff it had almost stopped and he stepped up on the running board and was about to go into the body of the car when the conductor rang the bell for the car to start; it was instantly started with a jerk which threw the plaintiff off, ran over his leg so crushing it, that amputation followed. We do not find these to be the undisputed facts, but only, that there was some evidence tending to establish them. The learned judge of the court below being of opinion, that there was no sufficient evidence of negligence on the part of defendant, and, that there clearly was contributory negligence on the part of the plaintiff, peremptorily instructed the jury to find for the defendant. We now have this appeal by plaintiff who alleged error in the instruction, arguing that the case was for the jury on both questions.

To step on or off a moving car, whether the power which propels the car be steam or electricity, is per se, negligence, and if injury results to the passenger he cannot recover damages. To this rule as in all rules, there are some rare exceptions. As to steam cars such as Johnson v. West Chester, etc., R. R. Co., 70 Pa. 357, where plaintiff had a ticket and while incumbered with bundles and a coil of pipe attempted to get on a car just beginning to move, although the motion was just perceptible, fell and had his arm crushed under the wheels, this court speaking by AGNEW, J., says: " There cannot be an inexorable rule so unbending, that no circumstances begotten by the railroad company can change it; even when a train is distinctly under way, there are cases and this was one, where it must be left to the jury to say, whether the danger of going aboard was so apparent that it would be culpable negligence in the passenger." This was the case of a passenger getting on a moving train under peculiar circumstances. Penna. R. R. Co. v. Peters, 116 Pa. 206, is a case of a passenger getting off a moving train under peculiar circumstances; and so there are a very few other cases reported as exceptions to the general rule.

The exceptional cases as to electrical cars, on one ground and another, are perhaps more numerous on account of the entirely different use made of them; they carry passengers it

is true, but generally, only for short distances; instead of fixed stations at comparatively long distances, they stop at every street corner and often when signaled, between. They accommodate their traveling public only, because they stop often; to see that they stop at the proper place for passengers to get off and on and then start at the right time is the principal duty of the employees in charge of the car. It necessarily follows that accidents to passengers in getting on and off are more numerous than on steam cars and while the same rule is applicable to both steam and electric cars, the exceptional cases are more in number in the latter than in the former; but the case cited and relied on by appellant, Walters v. Phila. Traction Co., 161 Pa. 36, is not an exception to the general rule. In that case this language of the court below was held not to be error : " If you should arrive at the conclusion that the car was in motion and was not in that condition of motion which would induce any reasonable man to get on, then the plaintiff cannot recover. If, however, you should come to the conclusion that it had stopped or was in the act of stopping or was in such a condition of running or stopping as induced the plaintiff to think it was about to stop, then he had a right to get on and if the car started before he was safely seated in the car, and an injury resulted therefrom, then your verdict should be for the plaintiff." In this case plaintiff testified, the car had actually stopped when he attempted to get on and after he was safely on the platform the car started as here by a sudden jerk and he was thrown off. There was evidence for the defendant that the car was actually moving, that is, had not stopped when he was thrown off. The charge must be taken in its application to the peculiar facts, as averred in plaintiff's testimony. If the car had not come to a full stop and plaintiff negligently got on, yet when safely on by the negligent jerk of the motorman he was thrown from the platform, it cannot be said that plaintiff's negligence contributed to the accident; it was not his negligence in getting on a moving car that brought about the result, for he by good fortune, although not by the exercise of care, escaped any injury; but being on safely, at once commenced the duty of defendant to carry him safely ; in this, according to plaintiff's testimony, defendant failed. There was no relaxation of the rule in the case cited, that to get on a moving car

is negligence. The language quoted was affirmed in a per curiam opinion; it was not intended by this court to say that in that case under the circumstances, it was not negligence in defendant to get on a moving car; but that even if plaintiff got on a moving car, if it was moving, and then, he was jerked off by the negligence of the motorman, the charge of the court did not harm defendant's case. None of the other cases cited by appellant are in point on the facts before us. It is argued that slowing up on plaintiff's signal was an invitation to him to get on while in that condition of motion; this is a mistake; it at most was an invitation to get on when the car stopped, not sooner. But it still remains to say whether on this evidence there was a question for the jury. The plaintiff testifies :

"When I put up my hand the motorman saw me and he turned the brake. . . . When I held up my hand the car slowed up. When it got to me it was about stopping, and I got on the car, and just as I got on the car, the conductor rang the bell; I was about to take my seat as the car gave a jerk, and the conductor was on the board at the time, he tried to hold me on, and I fell over, and had my foot taken off. . . . Q. What do you mean by saying that you were going to take your seat? A. Why, step up on the other; you know the foot board is down below, and then you have to step to get on to the seat, and I was just about in the act of doing that when he rang the bell and it started and knocked me off. I had stepped on the foot board."

The evidence of defendant tends to contradict this statement but the credibility of the witnesses was for the jury. If they had believed defendant's witnesses, then plaintiff had got on a moving car; but if they also believed plaintiff, then his negligence was not followed by the penalty of injury; he had escaped that and was safe. Being on, it was the duty of the company to exercise care in carrying him; if it negligently started up the car with a jerk, that negligence was not excused by his, and the company would be answerable. There was conflicting evidence as to his negligence and that of the company. He says, "It was not my carelessness in getting on the car when moving that threw me off, but yours in suddenly starting up before I had reasonable time to be seated." We think the

court erred in not leaving the truth of the matter to be determined by a jury. The judgment is reversed and a v. f. d. n. awarded.