205 568
210 ¹265
205 568
216 ¹584

# Hunterson, Appellant, v. Union Traction Company.

*Negligence—Street railways—Getting on moving car.*

To step on or off a moving car, whether the power which propels the car be steam or electricity, is per se negligence, and if injury results to the passenger he cannot, except in rare cases, recover damages ; and the burden is upon such person clearly to demonstrate to the court why his case should go to the jury as a rare exception to the rule.

No recovery can be permitted where an injured plaintiff at a crossing signals an approaching car to stop, whose signal is heeded and he so understands by the slackened speed of the car as it approaches the usual stopping place, but who, before it stops, and while running at the speed of three or four miles an hour, attempts to get on it. It is the negligence of the injured person in such a case that is a contributing cause to his injuries, and he cannot escape the rule that his carelessness is in the way of his right to recover.

MESTREZAT, J., dissents.

Argued Jan. 29, 1903. Appeal, No. 275, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1901, No. 2998, refusing to take off nonsuit in case of John C. Hunterson v. Union Traction Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Charles H. Edmunds*, for appellant.—As the evidence as to the speed of the car was not definite, the case was for the jury : Strader v. Monroe County, 202 Pa. 626.

It is not negligence per se to attempt to board a moving street railway car: Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70 ; Walters v. Phila. Traction Co., 161 Pa. 36 ; Austrian v. United Traction Co., 19 Pa. Superior Ct. 329; Johnson v. West Chester, etc., R. R. Co., 70 Pa. 357.

The rule in Pennsylvania seems to be the same in all of the

states.   In Alabama: Ry. Co. v. Liddicoat, 99 Ala. 545 (13 So.
Repr. 18); Illinois: Ry. Co. v. Williams, 140 Ill. 275 (29 N. E.
Repr. 672); Cicero, etc., St. Ry. Co. v. Meixner, 160 Ill. 320 (43
N. E. Repr. 823); Indiana: Ry. Co. v. Spahr, 7 Ind. App. 23 (33
N. E. Repr. 446); Kansas: R. R. Co. v. McCandliss, 33 Kansas,
366 (16 Pac. Repr. 587); Louisiana: Ober v. R. R. Co., 44 La.
Ann. 1059 (11 So. Repr. 818); Maryland: B. & O. R. R. Co.
v. Kane, 69 Md. 11 (13 Atl. Repr. 387); N. Y. P. & N. R. R.
Co. v. Coulbourn, 69 Md. 360 (16 Atl. Repr. 208); Missouri:
Wyatt v. Ry. Co., 55 Mo. 485; Schepers v. R. R. Co., 126 Mo.
665 (29 S. W. Repr. 712); New York: Sexton v. Met. St.
Ry. Co., 57 N. Y. Supp. 577; Massachusetts: Corlin v. Ry. Co.,
154 Mass. 197 (27 N. E. Repr. 1000).

*Thomas Leaming*, with him *Russell Duane*, for appellee,
cited: Jagger v. People's St. Ry. Co., 180 Pa. 436; Picard v.
Ridge Ave. Pass. Ry. Co., 147 Pa. 195 · Thane v. Scranton
Traction Co., 191 Pa. 249.

OPINION BY MR. JUSTICE BROWN, May 4, 1903:

The plaintiff below attempted to get on a moving electric
street car.   Just as he put one of his feet on the lower step of
the rear platform and his right-hand had grasped the hand rail,
he was thrown, by the accelerated speed of the car, down on the
street and dragged about the length " of two pavements," sus-
taining injuries for which he seeks compensation.   The learned
trial judge directed a judgment of nonsuit to be entered, for the
reason that the plaintiff's attempt to get on the moving car was
an act of negligence, and, as he was injured in such attempt,
he could not recover.

" To step on or off a moving car, whether the power which
propels the car be steam or electricity, is per se negligence, and
if injury results to the passenger, he cannot recover damages.
To this rule, as in all rules, there are some rare exceptions: "
Powelson v. United Traction Company, 204 Pa. 474; and to
this we now add that, where one is injured in stepping on or
getting off a moving car, the burden is upon him to clearly
demonstrate to the court why his case should go to the jury as
a rare exception to the rule.   The question to be settled on
this appeal is, whether the appellant's case is one of the rare

exceptions to the rule and a jury should have been allowed to pass upon his negligence.

Standing on the northeast corner of Fifth and Wharton streets, in the city of Philadelphia, the appellant saw a car approaching up Fifth street. When near him he signalled the motorman to stop at the north crossing over Fifth street. In response to the signal the motorman slackened the speed of the car, but, without waiting for it to stop, the plaintiff attempted to step on it as it was passing the crossing. While, in a general way, he says the car was moving slowly, when pressed by the appellee to state more definitely what the speed was, as was its right to know in this controversy, involving his negligence as well as its own, he admits it to have been that of a man walking at an ordinary gait, or three or four miles an hour. With his case so presented by himself, it was the duty of the court to say he had been negligent.

The duty of the plaintiff was to get on a car that had stopped. His signal to the motorman clearly was to stop, and not merely to slow up. The motorman so understood it and was slackening the speed of the car, that he might stop at the usual stopping place. The slackened speed was not notice to the plaintiff to get on the moving car, but was that it would come to a full stop, if he would wait. No other inference can be drawn. But the plaintiff, impatient, as many of us so often are, even of a second's delay, tried to board the moving car, instead of waiting until he could safely get on it; and, in doing so, he voluntarily assumed the risk of experiencing just what happened to him. Whatever "rare exceptions" there may be to the rule that it is negligence per se to step on or off a moving car, no recovery can be permitted where an injured plaintiff, as in this case, at a crossing signals an approaching car to stop, whose signal is heeded and he so understands by the slackened speed of the car as it approaches the usual stopping place, but who, before it stops, and while running at the speed stated, attempts to get on it. It is the negligence of the injured person in such a case that is a contributing cause to his injuries, and he cannot escape the rule that his carelessness is in the way of his right to recover.

Our attention has been called to several of our own cases as authority for the contention of the appellant that the jury

should have been permitted to pass upon the question of his negligence, but no one of them is in conflict with the rule which we have applied to the facts now before us. In Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa., 70, the court below refused to take off the judgment of nonsuit, assigning as a reason for its refusal to do so that the evidence of the plaintiff showed that the injury which resulted in the death of Harry W. Stager was caused by his own negligence in attempting to get upon a moving car by way of the front platform; that he had signalled the driver to stop, and the car's speed was slackened nearly to a full stop, when, without waiting, he jumped on the front platform of the car, lost his hold, fell off and was run over; that the accident occurred at a point from three to five feet below the street crossing; that, had he waited a second or two, the car would have been completely stopped and he could have entered it by the rear platform, and, if he had fallen off, he would not have been run over. It is true, we said in that case, " We are not prepared to say, as matter of law, that the attempt of a passenger to board a street car, whilst it is in motion, is to be considered an act of negligence, no matter what may be its rate of speed," but we affirmed the judgment, because we were " of opinion that the learned court below was right upon the grounds stated in his opinion, in entering the nonsuit." As to Walters v. Phila. Traction Co., 161 Pa. 36, upon which the appellant chiefly relies, we need only repeat what we said of it in Powelson v. United Traction Co., supra: " There was no relaxation of the rule in the case cited, that to get on a moving car is negligence. The language quoted was affirmed in a per curiam opinion; it was not intended by this court to say that, in that case, under the circumstances, it was not negligence in defendant to get on a moving car."

In Jagger v. People's Pass. Ry. Co., 180 Pa. 436, the court below, in an opinion refusing to take off a nonsuit, described the accident as follows : " The case as presented then is simply this : The plaintiff motioned to the conductor to stop, the conductor rang the bell to have it done, the motorman slackened the car; meantime the plaintiff had risen from his seat and gone out on the rear platform ; without awaiting for the car to come to a standstill the plaintiff, suiting his own convenience, got off while it was in motion ; the car gave a jerk and he was

thrown down and injured." The judgment was affirmed per curiam. In that case the plaintiff jumped off a moving car; here, he jumped on. For the same reason that no recovery was permitted there, none can be had here.

Judgment affirmed.

MESTREZAT, J., dissenting:

The question involved in this case is correctly stated by the learned counsel for the appellant, to wit: "Whether or not it is negligence per se for a man, after having signalled the motorman to stop, to undertake to get on a street passenger car at a crossing of the highway when the car is moving so slowly that it had almost stopped." The learned trial judge answered the question in the negative and granted a nonsuit. The plaintiff himself was the only witness in his behalf as to the circumstances attending the accident, and in considering this appeal, his testimony must be taken to be true. He testifies, inter alia: "I was standing at the northeast corner of Fifth and Wharton streets waiting for a Fifth street car. One came up Fifth street briskly. Just as it had reached Wharton street, another car reached Fifth street on Wharton. Both cars came to a dead stop on the other side of each street. I stepped out on the crossing, the car coming up Fifth street, nodded to the motorman, and he slowed his car to the crossing for me to get on. As it reached the crossing, I stepped on with one foot and took hold of the hand rail with my right hand. The conductor was standing in the doorway with his back to me, with his hand on the bell cord. At the same moment that I stepped on the car he signalled the motorman to go ahead. The car was started quickly and I was thrown to the street and dragged about two pavements. Q. Now, when the rear platform of the car reached the flag upon which you were standing, how fast was the car moving? A. Scarcely moving. Q. What do you mean by that? A. Well, I don't know that I can be more definite. It stopped just as all cars stop at crossings for men passengers to get upon them. Everybody knows what that is. Q. You say the car was scarcely moving? . I wish you would contrast the motion of that car with the motion of a person walking or running. How would the motion of a car compare with a person walking along at the

usual rate of speed ?   A. I think the car was moving slower than a person would walk quickly." On cross-examination, he said "that the car was moving slowly. It had almost absolutely stopped." He further stated, in reply to a question of appellee's counsel, that he thought the car was not moving faster than three or four miles per hour. He said that he did not think the conductor saw him. They exchanged no signals prior to the accident. He further testified on cross-examination: "A. Yes, now one foot was on the car. I do not think they both were. My hand was on the hand rail—that is placed in the rear of the cars for passengers to take hold of. I had hold of that hand rail when the car was suddenly started and I was thrown off. Q· Where was your foot ? A. One foot, I am sure, was on the car. I don't think two were."

This was the testimony on which the trial judge held the plaintiff guilty of negligence. It will be observed that the testimony is somewhat conflicting as to the rate of speed at which the car was traveling when the plaintiff attempted to board it. The jury would have been justified in finding that the car was moving slowly and had almost absolutely stopped. It was not for the court to resolve the apparently conflicting statements of the witnesses as to the speed of the car at the time the plaintiff attempted to enter it; that was for the jury. If any part of the plaintiff's testimony justified its submission to the jury on the question at issue, although other parts of the testimony showed apparent contradictions, the case should not have been withdrawn from the jury. In a personal injury case, Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233, in which the testimony was " extremely muddled and conflicting," Justice MITCHELL, speaking for the court, said : " This testimony was contradictory and the net result of it by no means clear. On part of it, he (plaintiff) was plainly entitled to go to the jury ; on the other part of it, equally plainly he was not. Under these circumstances, the case must go to the jury, whose province it is to reconcile conflicting statements, whether of the same or different witnesses, or to draw the line between them and say which shall prevail." This language was repeated by Justice DEAN and approved by him in the very recent case of Strader v. Monroe County, 202 Pa. 626, to which he added : " The court was bound to submit it to them. In trials of fact,

if it were required that all the testimony should be consistent either with itself or that of other witnesses, but few cases would reach a jury."

In entering the nonsuit, the learned trial judge said: "I think if I were to instruct the jury in this case, I would be obliged to instruct them that it was negligence to board a moving car, and as I am at present informed, I will grant this motion." This is the single and only question presented here for consideration and was so regarded and argued by the learned counsel of both parties. The rule or principle thus announced by the court below must be affirmed before the plaintiff can be deprived of his right to have the case presented to a jury. The majority opinion speaks of "some rare exceptions" to the rule and that the plaintiff must "clearly demonstrate why his case should go to the jury as a rare exception," but its argument is devoted to sustaining the rule and concludes with the statement that no recovery can be permitted in this case because the plaintiff jumped "on a moving car." In my judgment it is not negligence per se to board a moving street car, and that, therefore, the judgment of the court below is clearly erroneous and should be reversed.

Street railway companies are incorporated for the purpose of carrying passengers in towns and cities and along suburban highways in thickly populated communities. To accommodate their patrons they are required to stop frequently, and should stop at the intersection of streets, to receive and discharge passengers. They are common carriers and the public has a right to demand of them a service that will give it frequent opportunities for entering and leaving their cars with safety. Hence, they are expected to stop at the intersection of streets, if not oftener, so that those who desire may avail themselves of the service of the cars. The passenger enters and leaves the car quickly. It is a matter of common observation that great numbers of people board the car and leave it while it is in motion. This is permitted by the conductor, and by his action he very frequently invites it. This is the very well understood way in which street cars are operated in this country, and, therefore, a large percentage of passengers act upon the assumption that they are expected by the company to enter and depart from a car when it arrives at a crossing whether it

has entirely stopped or not. That this can be done with perfect safety if the car is moving slowly, is the hourly experience of thousands of people. It presupposes, of course, that the person attempting it has the use of his faculties and limbs and that there is no obstruction on or near the platform that would interfere with or prevent access to or departure from the car. Why, then, should such action on the part of the passenger be declared negligence per se ? What is done with such frequency and with the tacit acquiescence of the company's servants, by great numbers of people, who evidently regard it as safe, cannot be characterized as negligence in itself. On the contrary, the proper and logical inference from such action is that it is not attended with danger, and, hence, that it does not disclose a want of care. A reasonably prudent man would not attempt to get on or off a rapidly moving street car as the danger would be apparent, and if he did so his act would convict him of negligence; but should he enter or alight from a car almost at rest, the circumstances would be different, and the character of his act must be determined in the light of those circumstances. In the former, the rapidity of the car would make the danger apparent to the dullest intellect; in the latter, the speed of the car would raise no doubt in the mind of a prudent man that he could accomplish the act with safety.

The position of the majority of the court is not supported by any decision in this state. On the contrary, the authorities not only of this but of other states, sustain the view herein stated. Stager v. Ridge Ave. Passenger Railway Company, 119 Pa. 70, is very similar in its facts to the case in hand. Mr. Justice CLARK, delivering the opinion of the court, states the facts as follows : " It is admitted that Stager (plaintiff) attempted to board the car at the front platform whilst the car was in motion. He succeeded in getting on the lower step with one foot only, and before he could establish himself there, a sudden motion of the car forward threw him off, and he fell under the wheels. It is not definitely shown at what rate the car was moving at the time of the occurrence. Stager had given the conductor a signal to stop, and as the car approached the crossing it 'slowed up;' but before it had fully arrived at the place where the stop was to be made, and whilst it was

still in motion, he attempted to enter by the front platform, with the result stated. The evidence seems to show that the car was moving quite slowly, but it did not stop." The learned justice then says: "We are not prepared to say, as matter of law, that the attempt of a passenger to board a street car, whilst it is in motion, is to be considered an act of negligence, no matter what may be its rate of speed. A car may be moving so slowly that there would be no apparent danger whatever in attempting to enter it; so slowly that a person of reasonable prudence in the exercise of ordinary care would not hesitate to make the effort. It would be a hard rule that would hold a passenger guilty of culpable contributory negligence in such a case. In all cases of doubt, the question must be left to the jury to say, under all the circumstances, whether the danger of boarding the train, when in motion, was so apparent as to have made it the duty of the plaintiff to desist from the attempt." Walters v. Philadelphia Traction Co., 161 Pa. 36, was an action for personal injuries sustained while the plaintiff was attempting to board a cable car which he had signalled to stop. The trial judge charged the jury as follows: "If you arrive at the conclusion that the car was in motion and was not in that condition of motion which would induce any reasonable man to get on, than the plaintiff cannot recover. If, however, you should come to the conclusion that it had stopped, or was in the act of stopping, or was in such a condition of running or stopping as induced the plaintiff to think it was about to stop, then he had a right to get on, and if the car started before he was safely seated in the car, and an injury resulted therefrom, then your verdict should be for the plaintiff." There was a verdict and judgment for the plaintiff, and this court affirmed the judgment, observing in the opinion that "the plaintiff's right to recover depended on questions of fact which were clearly for the consideration of the jury." In Linch v. Pittsburg Traction Co., 153 Pa. 102, the plaintiff attempted to alight from a moving cable car. The court below was requested to direct a verdict for the defendant, because no negligence was shown on the part of defendant and plaintiff was guilty of contributory negligence. But the court refused the request for instructions and charged as follows: "The car did not come to a full stop at all, and at the time of the sudden start he

(plaintiff) was actually getting off.  The question then for you to determine is whether it was negligence for him to attempt to get off in this way.   If you should conclude that it was negligence in him to do it, you will probably hesitate very little in concluding that that negligence contributed to the injury.   If he had been in some other position than alighting from the car, the probabilities are that he would not have got hurt. But was it negligence for him in that position to get off the car?   Ordinarily it would be considered negligence for a man to get off a moving car.   We cannot say as matter of law that it is an act which a careful man would not under any circumstances do, and, therefore, we must leave it for you to determine whether this plaintiff was in the exercise of due care when he attempted to get off this car while it was in motion."   This court held that the case was for the jury and affirmed the judgment. These cases have been recognized and followed as the law of this state in the very recent case of Austrian v. United Traction Co., 19 Pa. Superior Ct. 329.   There the plaintiff attempted to enter an electric open or summer car and was injured.   It was held that:  " If a street railway car has stopped or is in the act of stopping, or is in such a condition of running or stopping as induces an intended passenger to think it is about to stop, the passenger has a right to get on, and if the car started before he is safely seated in the car and an injury results therefrom, the company is liable."   In Powelson v. United Traction Co., 204 Pa. 474, we reversed the judgment of nonsuit, and Justice DEAN, delivering the opinion, stated the facts thus: " On 25th of January, 1900, he ( plaintiff ) boarded a summer car in Allegheny City.   When he saw the car coming about 100 feet distant, he waved his hand to the motorman to stop who at once put on the brakes so that when it reached plaintiff it had almost stopped, and he stepped on the running board and was about to go into the body of the car when the conductor rang the bell for the car to start.   It was instantly started with a jerk which threw the plaintiff off, ran over his leg, so crushing it that amputation followed."   The court below on these facts was of opinion that there was no sufficient evidence of negligence on the part of the defendant and that there was clearly contributory negligence on the part of the plaintiff.   He, therefore, instructed

the jury to find for the defendant. This court reversed the court below, the opinion concluding as follows: " There was conflicting evidence as to his negligence and that of the company. He says: ' It was not my carelessness in getting on the car when moving that threw me off, but yours in suddenly starting up before I had reasonable time to be seated.' We think the court erred in not leaving the truth of the matter to be determined by the jury."

While our decisions have settled the question under consideration here adversely to the contention of the appellee, the decisions of the other states are in harmony with our own authorities. In the recent case of Cicero & Proviso Street Ry. Co. v. Meixner, 31 L. R. A. 331, an action to recover damages received while attempting to board an electric car, the supreme court of Illinois says: " The doctrine is established in nearly all of the states where the question has arisen, that it is no negligence per se for a passenger to board or alight from a street car operated by horse power, and the question of contributory negligence is one of fact for the jury. . . . It would be impossible for a court to lay down the rule as to what particular rate of speed would be sufficient notice to a passenger that if he attempted to get on or off, he would be held guilty of contributory negligence. It would also be a great hardship and unjust to lay down a general rule that a passenger attempting to board a street car while in motion at all should be held guilty of contributory negligence." The court also considered the question whether the rule as to persons boarding or alighting from horse cars should apply to electric cars, and concludes as follows: " While in electric cars the possibilities of speed are greater than in the case of horse cars, yet the general operation and management of such cars so nearly approach those of horse cars that it must be held that the same rule of law which in the cases cited and a long line of other cases holds that it is not negligence per se to board or depart from such cars while in motion is also applicable to electric cars." In Corlin v. West End Street Ry. Co., 154 Mass. 197, and in Central Pass. Ry. Co. v. Rose, 15 Ky. L. Rep. 209, it was also held that the same rule should be applied to electric as to horse cars in determining the question of negligence in entering or leaving a street car, and that in both cases, the question is for

the jury. The same rule prevails in many other states and it is there held that plaintiff's negligence is a question for the jury and cannot be determined by the court as matter of law: North Birmingham Railway Co. v. Liddicoat, 99 Ala. 545; Railway Co. v. Atkinn, 46 Ark. 423; Railway Co. v. Williams, 140 Ill. 275; Railway Co. v. Spahr, 7 Ind. App. 23; Railroad Co. v. McCandliss, 33 Kan. 366; Ober v. Railroad Co., (La.) 32 Am. St. R. 366; B. & O. R. R. Co. v. Kane, (Md.) 9 Am. St. R. 387; N. Y. P. & N. R. R. Co. v. Coulbourn, (Md.) 9 Am. St. R. 430; Wyatt v. Railway Co., 55 Mo. 485; Schepers v. Railroad Co., 126 Mo. 665; Sexton v. Railway Co., (N. Y.) 15 Am. Rep. 534; Sahlgaard v. St. Paul City Ry. Co., 48 Minn. 232; Omaha Street Ry. Co. v. Martin, 48 Neb. 65; Munroe v. Third Avenue R. R. Co., 18 Jones & S. 114; Finkeldey v. Omnibus Cable Co., 114 Cal. 28.

Where one attempts to board a moving car and is injured by his own carelessness he cannot recover, and it is immaterial at what rate of speed the car is running. But it is equally clear, it seems to me, that when a person is boarding or departing from a car, using due care, and the negligent act of the motorman by quickly and suddenly accelerating the speed of the car or by any other careless act causes injury to the person, the street railway company is responsible. The reason is that the act of the injured party in entering or leaving the car in no way contributes to his injuries, which are the result solely of the carrier's negligence.

I would reverse the judgment of the court below and submit the case to a jury to determine the negligence of the plaintiff and of the defendant company.