## Powelson *v.* United Traction Company, Appellant.

*Negligence—Street railways—Getting on car—Moving car.*

In an action against a street railway company to recover damages for personal injuries, the case is for the jury, where the evidence for the plaintiff, although contradicted, tended to show that plaintiff boarded a summer car; that when he saw the car coming about 100 feet distant he waved his hand to the motorman to stop, who at once put on the brakes so that when it reached the plaintiff it had almost stopped, and he stepped up on the running board and was about to go into the body of the car after the car had actually stopped, when the conductor rang the bell for the car to start; that it was instantly started with a jerk and threw him off and injured him.

Argued Oct. 30, 1906. Appeal, No. 35, Oct. T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. Term, 1901, No. 43, on verdict for plaintiff in case of James Powelson v. United Traction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. See 204 Pa. 474.

The facts do not substantially vary from those brought forth in the previous trial, except that plaintiff testified that after he had stepped on the running board, the car had actually stopped.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellant.

*Rody P. Marshall*, with him *Thomas M. Marshall* and *John C. Haymaker*, for appellee.

PER CURIAM, January 7, 1907:

Counsel for appellant in their paper-book say with great frankness that this appeal has been taken with the direct purpose of having this court review the several cases relating to negligence in getting on or off a moving car, and declare that the general rule that such act is negligence per se is the only rule and that there are no exceptions to its operation.

The court have given the cases attention and have not been convinced that they need any substantial modification. The general rule is a good rule, the exceptions are not many and they will not be lightly increased. But to say that no exception shall be permitted under any circumstances would be to ignore the infinite variations of human action under pressure of emergencies or doubt, and to reduce the elastic principles of the common law to the rigidity of a penal statute. But how clearly the exceptions must be shown to be such is made manifest by the cases of Hunterson v. Traction Co., 205 Pa. 568; Bainbridge v. Traction Co., 206 Pa. 71, and Boulfrois v. Traction Co., 210 Pa. 263.

This was a very close case but when it was here before, 204 Pa. 474, it was held to be one for the jury. It was tried by the court below on the lines of the opinion by our late Brother DEAN and we have seen nothing to change our views.

Judgment affirmed.