# Hower, Appellant, *v.* United Traction Company.

*Negligence—Street railways—Alighting from moving car—Contributory negligence—Nonsuit.*

In an action by a woman against a street railway company to recover damages for personal injuries a nonsuit is properly entered on the ground that plaintiff was guilty of contributory negligence in stepping off a moving car, where the plaintiff testifies that she did not know whether the car was in motion when she reached the back platform, and her witnesses testify that it was then in motion and had gone about thirty feet from the place where it had stopped to receive and discharge passengers.

Argued Feb. 27, 1911. Appeal, No. 36, Jan. T., 1911, by plaintiff, from order of C. P. Berks Co., Jan. T., 1908, No. 53, refusing to take off nonsuit in case of Minerva Hower, by her father and next friend, Frank B. Hower, and the said Frank B. Hower v. United Traction Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WAGNER, J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*B. Morris Strauss*, for appellant.

*C. H. Ruhl*, with him *R. L. Jones*, for appellee.

PER CURIAM, May 17, 1911:

The plaintiff was injured by stepping off a moving electric car. She testified that she did not know whether the car was in motion when she reached the back platform; her witnesses testified that it was then in motion and had run about thirty feet from the place where it had stopped to receive and discharge passengers. There was nothing to take the case out of the rule that it is negligence per se to step on or off a moving car: Hunterson v. Traction Co., 205 Pa. 568; Boulfrois v. Traction Co., 210 Pa. 263. The nonsuit was properly entered, and the judgment is affirmed.