### SAUNDERS V. CHI. & N. W. RY. CO.

1. In an action against a railroad company for injury to a passenger, the gist of the action is negligence; and it must either be expressly proved, or such facts shown as will support an imputation of negligence.

2. A presumption of negligence does not follow the simple and unexplained fact of an accident, but the cause or at least the nature of the accident resulting in the injury must be shown, for it is upon the character or nature of the accident that a presumption of negligence must rest.

3. Where, in such an action, the plaintiff simply proves that, while standing at the open door of the coach in which he was riding, "there was a fearful shock," resulting in his fall and injury, with nothing to show or even suggest the cause or nature of the shock, or whether it involved the train or the car in which he was, or was simply personal to himself, there is no evidence of defendants's negligence, and the trial court rightly directed a verdict in its favor.

(Syllabus by the Court.     Opinion filed Oct. 2, 1894.)

Appeal from circuit court, Hyde county.     Hon. H. G. FULLER, Judge.

Action to recover damages for personal injuries alleged to have been sustained by plaintiff while a passenger on defendant's train and alleged to have been caused by defendant's negligence. From a judgment for defendant plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*L. E. Whitcher,* (*Gaffy & Gunderson,* of counsel), for appellant.

An injury to a passenger while on a railroad train is *prima facie* negligence whether caused by defects in the machinery or

by the acts of the servants in operating the machinery. Bonner v. Glenn, 15 S. W. 572; Upham v. Detroit Railway Co., 48 N. W. 199; Railroad v. Miles, 6 Southern, 696; Highland v. Donavan, 10 Southern, 139; Mitchell v. Railroad, 25 Pac. 245; Railroad v. Quinkert, 28 N. E. 338. The law does not presume contributory negligence on the part of the plaintiff. Saunders v. Reister, 1 Dak. 145; 1 Sherman & Red. Neg. 108; Hangen v. Railroad, 53 N. W. 769; 3 S. D. 394; Lynch v. Pittsburg, 25 Atlantic, 621.

*William B. Sterling*, *(A. W. Burtt*, of counsel), for respondent.

The fact that a person is injured while riding on a train, does not impose upon the railroad company the burden of disproving negligence. Halbrook v. Utica, 12 N. Y. 236; Curtis v. Railroad, 18 N. Y. 534. There must be affirmative proof of negligence on the part of the company or its servants. Deyo v. Railroad, 34 N. Y. 9; Cotton v. Wood, 98 Eng. Com. L. 566; Race v. Ferry Co., 138 N.Y. 644; Cork v. Barnwell, 12 How. 272; Muddle v. Stride, 9 Carr & Payne, 380; Waslem v. Downer, 11 Wall. 129; Penn. Railroad v. Riordon, 119 Pa. St. 577; Thomas v. Philadelphia, 23 Atl. 789; I & C Railroad, v. Cragin, 71 Ill. 177; Le Barron v. East Ferry Co., 11 Allen, 312; Stakes v. Soltonstall, 13 Peters 181; Kendall v. Jenkins, 18 Miss. 234. The mere fact that a train runs past a station at which it should have stopped is no evidence of negligence. Porter v. Railroad, 44 N. W. 1054; Tabor v. Railroad, 71 N. Y. 489.

KELLAM, J. This was an action to recover damages for injuries alleged to have been sustained by appellant while a passenger on respondent's train. At the close of the plaintiff's evidence, on motion of defendant the trial court directed a verdict for defendant, upon which judgment was entered. From this judgment, plaintiff appealed.

The gist of the action was negligence, and as the correctness of the trial court's decision, aside from the question of

plaintiff's contributory negligence, must depend upon whether
the testimony tended to show negligence, or such facts and cir-
cumstances as would raise a presumption of negligence against
defendant, the safer way will be to reproduce all the evidence
bearing upon that point.   It all came from the plaintiff and was
as follows: ''I purchased the ticket (from Pierre to Highmore)
*  *  *   at Pierre, got in the cars, and when I heard the train
whistle at Highmore I put on my overcoat, and started leisure-
ly towards the door.   When I did this, and when I found I was
near the door, I saw the train passing the station platform
at Highmore; and then I saw Mr. Titus Price coming out of the
car in front of me, and I thought to speak to him, and I went to
the door and opened the door.   By that time Mr. Price had
turned his back, and was gone or going into the other car, and
at that time there was a fearful shock, and there my memory
ceased, right on the threshold of the door, the end door, the east
end, and front door of the car.   Mr. Price came out of the car
in front of me.   The next I knew was some 24 hours afterwards.
I found myself lying in the American Hotel, in bed.   When I
stepped into the door of the train, the train was passing the
turntable rapidly, and was about four or five hundred feet, I
think, east of the depot.  *  *  *'' On cross-examination he
testified: ''I saw Mr. Price, as I have stated, coming out of the
rear door of the smoker, and at the time of the accident was at
the front door of the ladies' car.   I left my seat when the
train whistled for the station at Highmore.   I got up, and put
on my overcoat, and walked toward the door.   Did not open the
door immediately.   I stood there a little while.   When I went
to the door the train was passing the east end of the platform
at the station.   I knew they were passing the station before I
opened the door.   I pulled the door back, and stepped out into
the opening.   I remained there only a moment and that is the
end of my memory.   There was no one else at the door besides
me.   No conductor, no brakeman.   I had hold of the nob of the
door, or the door.   Am not sure which.   I was standing about

on the threshold in the open door, and the train was some three or four hundred yards beyond the station, I think. Am not sure as to the distance. I fell somewhere near the lock on the switch. It was a cold frosty morning, and dark. There were plenty of seats inside the car, and four passengers in the car. As I was standing in the front door, holding the door for only a moment, I felt the shock, and a kind of a stoppage of the car, as if it had struck something. It was running smoothly before. I don't know whether it struck anything or not."

Appellant contends, and states his contention in the terms of a headnote to Kentucky & I. Bridge Co. v. Quinkert (Ind. App.) 28 N. E. 338, that "an injury to a passenger while on a railroad train is *prima facie* negligence, whether caused by defects in the machinery, or by the acts of the servants in operating the machinery." While respondent argues that this proposition, thus broadly stated, cannot be maintained, we are not, for the purpose of this case, disposed to criticise either its language or its doctrine. It simply asserts that whenever the injury is shown to have been caused either by defective machinery, or by the acts of the company's servants in operating the machinery, negligence will be presumed; but no case has ever held that a railroad company is responsible for an injury to a passenger, simply because it occurs on its train. The gravamen of the cause of action is always negligence, and it must be either proved, or such facts shown as will support an imputation of negligence. There surely must be some circumstances shown tending to connect the company with the cause of the injury. Ordinarily, the immediate cause of the injury, and the circumstances under which it occured, are in evidence; and, if the cause is such as would not probably have occurred or existed with suitable machinery and proper management, the fact of the accident will under the Kentucky case, raise a presumption of negligence, and the burden of proof is thus shifted to the defendant. But this presumption, with its consequences, comes from the nature of the accident or cause of injury. It does not

follow, and should not, from the simple and unexplained fact
of an accident, regardless of its cause or character. The pre-
sumption arises, not from the fact of the injury, but from its
cause, or the circumstances attending it.    Evidence simply that
a passenger on a moving train fell against the stove, and was
injured, would not raise a presumption of negligence against
the company.    On such evidence the jury would not be allowed
to presume the cause of the falling, and upon such presumption
build another of negligence.    The cause, or at least the nature
of the accident resulting in the injury, must be shown before a
presumption of negligence attaches.    From Le Barron v. Ferry
Co., 11 Allen, 316, we quote the following, as very pertinent to
this discussion "The general rule that the plaintiff, in actions
of this description, is bound to prove negligence on the part of
the defendants, as the cause of the injury, has been apparently
modified in a class of cases in which it is said that proof of due
care on the part of the plaintiff, with proof of the accident, is
*prima facie* evidence of negligence on the part of the defendants.
An examination of these cases, we think, will show that there is
in them no real invasion of the general rule as to the burden of
proof.    It will be found, we believe, in all of them, that the
nature of the accident was such that proof of the accident alone
raised a presumption of negligence, and that the same evidence
which proved the injury done also proved the defendants' neg-
ligence, or developed circumstances from which it must be pre-
sumed.    Thus, in Carpue v. Railway Co., 5 Q.B. 747, where the
injury was caused by the train running off the track and over-
turning the carriage in which the plaintiff was a passenger,
Denman, C. J., told the jury that, "it having been shown that
the exclusive management of the machinery and the railway
was in the hands of the defendants, it was presumable that the
accident arose from their want of care, unless they gave some
explanation of the cause."    So, in Stokes v. Saltonstal, 13 Pet.
181, the injury was occasioned by the overturning of a stage-
coach; and in Ware v. Gay, 11 Pick. 106, the accident was of a

similar nature, occasioned by the running off of the wheel of the coach in which the plaintiff was a passenger. In these cases, clearly, the nature of the accident afforded proof of the defendants' negligence. The plaintiff, in proving his injury, must ordinary prove the nature of the accident, and the circumstances; and when such proof has any tendency to prove negligence, and especially when the defendant has exclusively the means of knowledge within his control, as to what caused the injury, it is said the burden is cast upon the defendant to explain the cause, and exculpate himself. Upon recurring to the facts in this case, it appears that this accident might have happened without negligence on the part of the defendants, and that the means of knowledge as to the cause of the injury were equally within the reach of both parties."

The matter of such presumption, its theory, the ground upon which it rests, and when it attaches, are instructively discussed in cases like the following: Holbrook v. Railroad Co., 12 N. Y. 236; Curtiss v. Railroad Co., 18 N. Y. 534; Thomas v. Railroad Co., 148 Pa. St. 180, 23 Atl. 989; Stern v. Railroad Co., 76 Mich. 591, 43 N. W. 587. In this case there is, in our judgment, no evidence to bring it within the rule, or the reason or logic of the rule, which imputes negligence from the fact of the accident. The train ran past the platform at the station, but this apparently had no connection with the cause of the injury. While standing at the open door, and holding it, "there was a fearful shock." The nature of the shock, how it was produced, or what caused it, are left the subject of pure speculation. Was it caused by a thunderbolt, a sudden and powerful gust of wind, that slammed the door against him, or by collision with an obstruction on the track? Either might have done it consistently with the evidence, but if caused by either, except the last, there would have been no presumption of negligence. There were other passengers in the train, including Titus Price, a friend of plaintiff, but no one was called to give the court or jury any idea of the cause or character of the shock which oc-

cured to plaintiff. Whether, as to plaintiff, its cause was sub-jective or objective,—whether it affected the train itself, or simply the person of the plaintiff,—is left absolutely in doubt. The facts, as narrated by plaintiff, might have occured in many ways without in any manner involving the question of negligence on the part of anybody. It is true that on his cross-examination the plaintiff says: "As I was standing in the front door, holding the door for only a moment, I felt the shock, and a kind of a stoppage of the car, as if it had struck something. It was running smoothly before. I dont know whether it struck anything or not." This does not pretend to be a statement of what did happen, but only illustrative of the effect of what happened. It would apparently have been so easy to have shown on the trial what did really happen to the train, if anything, and so have informed the court and jury whether the company was probably to blame or not, that there seems to be no good reason for supplying the omission by a presumption, and that too, a presumption of negligence, where a presumption of non-negligence would be equally consistent with the facts proved. In Clark v. Barnwell, 12 How. 272, the court quotes with approval this language from an English case: "If, on the whole, it be left in doubt what the cause of the injury was, or if it may as well be attributable to perils of the sea as to negligence, the plaintiff cannot recover. * * * That the jury were to see clearly that the defendants were guilty of negligence, before they could find a verdict against them." In Stern v. Railroad Co., *supra*, the court holds that "negligence will not be presumed from the mere fact of accident, which is as consistant with the presumption that it was unavoidable as it is with negligence."

The evidence being insufficient to support a verdict for plaintiff, the trial court rightly directed a verdict for the defendant. The judgment appealed from is affirmed.

FULLER, J., took no part in the decision of this case.