## Bainbridge, Appellant, *v.* Union Traction Company.

*Negligence—Street railway companies—Passenger on running board of car—Sudden jerk.*

Where a passenger on an open summer electric street car, when it is approaching a crossing where he intends to get off, of his own motion leaves his seat and steps down on the running board of the car, holding the rail with his left hand and having in his right a bag containing tools, and while in this position the car stops, with a sudden and violent jerk, and he is thrown off and injured, his contributory negligence is a bar to the recovery of damages.

Where a passenger on an electric street car leaves his seat where he is safe, and steps down on the running board of the car, and remains there while it is in motion, he voluntarily puts himself in a place of danger and takes upon himself the risk of his position from any cause.

Argued March 25, 1903.   Appeal, No. 37, Jan. T., 1903, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 1225, refusing to take off nonsuit, in case of Henry Bainbridge v. Union Traction Company.   Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries sustained on an electric street car.   Before RALSTON, J.

The court entered a judgment of compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*I. Hazleton Mirkil*, with him *Horace M. Rumsey*, for appellant, cited: Powelson v. United Traction Co., 204 Pa. 474; Sweeney v. Union Traction Co., 199 Pa. 293; Raughley v. West Jersey, etc., R. R. Co., 202 Pa. 43; Holmes v. Traction Co., 153 Pa. 152; Bensing v. Railway Co., 9 Pa. Superior Ct. 142; Linch v. Traction Co., 153 Pa. 102; Smith v. Transit Co., 167 Pa. 209.

*Thomas Leaming*, with him *Charles Biddle*, for appellee, cited: Woodroffe v. Roxborough, etc., Ry. Co., 201 Pa. 521; Thane v. Scranton Traction Co., 191 Pa. 249.

OPINION BY MR. JUSTICE BROWN, May 4, 1903:

The plaintiff below got on a car of the defendant company

at Twelfth and Walnut streets, in the city of Philadelphia, and took a seat about the middle of it. When it was approaching Sixty-third street, of his own motion he left his seat and stepped down on the running board, holding the rail with his left hand and having in his right a bag containing tools. While in this position he says the car stopped with a sudden and violent jerk on the west side of Sixty-third street, and he was thrown off, sustaining the injuries for which he is seeking compensation.

When the appellant left his seat, where he was safe, and stepped down on the running board of the car, and remained there while it was in motion, he voluntarily put himself in a place of danger and took upon himself the risk of his position from any cause: Thane v. Scranton Traction Company, 191 Pa. 249; Bumbear v. United Traction Company, 198 Pa. 198; Woodroffe v. Roxborough, etc., Railway Company, 201 Pa. 521. With one hand grasping the rail and another holding on to the bag of tools, the risk which he took of being thrown from the car while so standing on the running board by its sudden stopping was most imminent, and for his negligence in the assumption of such a risk he alone must bear the consequences.

That the appellant stepped down on the running board of the moving car, because he intended to get off at Sixty-third street, in no manner excuses his negligence. The speed of the car was slackening as it approached Sixty-third street; he knew it would stop; he had signaled the conductor to have it stopped, and his signal was heeded; but, instead of waiting for it to stop, he started to get off while it was in motion by stepping down on the running board. The judgment of the court below is sustained by Hunterson v. Union Traction Company, this day decided, in which we have reaffirmed the rule as laid down in Powelson v. United Traction Company, 204 Pa. 474, that to step on or off a moving car, whether the power which propels the car be steam or electricity, is per se negligence, and, if injury results to the passenger, he cannot recover damages.

In view of the negligence of the plaintiff, it is immaterial whether there was any evidence of the negligence of the defendant.

Judgment affirmed.