## Boulfrois *v.* United Traction Company, Appellant.

210      263
f216     ²584
210      263
f219     ¹197
210      263
f 36 SC  443

210      263
1222     ²589

*Negligence—Street railways—Getting on and off electric cars—Contributory negligence.*

To get on or off a moving car whether propelled by steam or electricity is negligence per se in him who attempts it.

If a person attempting to get on a moving electric car, succeeds in the attempt and is safely on, but is then thrown off by the act of the motorman in suddenly and violently starting the car with a jerk, the company is liable, although the original attempt of the passenger was negligent; but if the sudden jerk of the car takes place when the attempt to get on is not completed, and the passenger has not reached a position of safety, the company is not liable.

MESTREZAT, J., dissents.

Argued Oct. 24, 1904.   Appeals, Nos. 49 and 50, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1901, No. 275, on verdict for plaintiff in case of Armand Boulfrois, Sr., and Armand Boulfrois, Jr., by his next friend, Armand Boulfrois, Sr., v. United Traction Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before KENNEDY, P. J.

At the trial it appeared that Armand Boulfrois, Jr., was injured while in the act of getting on a moving electric summer car.   Plaintiff claimed that he had actually reached the running board of the car when he was immediately thrown therefrom by a sudden jerk of the car, and his foot was injured, and subsequently amputated.

The defendant presented these points :

1. That under the pleadings in this case the plaintiffs are not entitled to recover.   *Answer :* Refused. [1]

2. That under the evidence in this case the plaintiffs are not entitled to recover.   *Answer :* Refused. [2]

3. The evidence showing that Armand Boulfrois, Jr., being upwards of fourteen years of age, attempted to board a street car while in motion, he is prima facie guilty of contributory negligence, and the burden of proof is upon him to establish

by the weight of the evidence that he successfully boarded the car, and if the jury find from all the evidence in the case that the said Armand Boulfrois, Jr., sustained injuries in the attempt to board the car while in motion, by reason of the motion of the car, the verdict of the jury should be in favor of the defendant. *Answer:* Affirmed, with a qualification.

This point is affirmed, unless you find, as I have stated, that the motion of the car was such as to induce plaintiff to believe that it was about to stop, or at least the motion was such that he, or any reasonable person, would be induced to believe that he could get on with safety. Now, he alleges, not only that the motion had been so reduced, not only that it was sufficient to induce him to believe that he could get on in safety, but that he actually did get on in safety, and would have reached his seat in the car but for the sudden and violent jerk with which it was started, or with which its speed was increased, and that jerk, followed by a second one, threw him off. That is the contention of the plaintiff, and that is, as I have stated, the negligence of which he complains, and if you find that to be the case he is entitled to recover. But if he merely, without signaling the car to stop, and while it was in motion, attempted to board it, and the accident occurred through that action on his part, he is not entitled to recover. But ordinarily the rule of law is that where a person attempts to board a car in motion, he is guilty of negligence in so doing. As it has been explained to you, if that motion had come down to such a slow rate of speed that he was reasonably induced to believe it would either stop, or that it was at such a rate of speed that he could board it with entire safety, and, as he states himself in this case he did board it in safety, and the accident resulted from the violent starting of the car, then the company is liable. [3]

The court charged in part as follows : [It was the duty of the motorman in charge of the car not only to slow up, but to actually stop, if the passenger had signaled him to do so ; it was his duty to stop and give the boy time sufficient to enable him to board the car in safety and take his seat. If the motorman did not do so, then he was guilty of negligence and the company is liable for this accident.] [4]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*William A. Challener*, with him *Clarence Burleigh* and *James C. Gray*, for appellant, cited: Powelson v. United Traction Co., 204 Pa. 474; Hunterson v. Traction Co., 205 Pa. 568; Bainbridge v. Traction Co., 206 Pa. 71.

*R. A. Balph*, with him *James Balph*, for appellee.

OPINION BY MR. JUSTICE DEAN, December 31, 1904:

We desire it to be distinctly understood that in Powelson, v. United Traction Co., 204 Pa. 474; Hunterson v. Traction Co., 205 Pa. 568 and Bainbridge v. Traction Co., 206 Pa. 71, we had no intention of relaxing the well-established rule, "That to get on or off a moving car, whether propelled by steam or electricity, is negligence per se in him who attempts it." To this rule, as in all rules, we further said there are some rare exceptions, as in Johnson v. West Chester, etc., Railroad Co., 70 Pa. 357, and Penna. Railroad Co. v. Peters, 116 Pa. 206, and a very few others, which because of their peculiar facts are exceptional. From the whole evidence in this case, it did not necessarily and certainly follow that Armand Boulfrois, Jr., the injured person, was either negligent or not negligent. If the car had not stopped when he attempted to get on, and by that attempt he was injured, he was negligent and cannot recover; if it either had, or had not stopped and he was safely on, then if the conductor, by suddenly and recklessly turning on the power gave the car a jerk which threw the boy off, it was the conductor's negligence that caused the injury and he can recover. If the boy's attempt to get on was not complete, if he was still engaged in the attempt, when the car was jerked, the inceptional act of negligence when he stepped from the ground onto a moving car, still continued and he cannot recover. If he was negligent in getting on, as from his own testimony he was, then when safely on before he had time to get seated, the conductor by suddenly turning on the power jerked him off, it was the conductor's negligence which caused the injury and defendant is answerable.

Was the act of getting on complete, when the jerk threw him off, if it did throw him off? If it was complete then the

company's negligence caused the accident, just as clearly as if some other passenger, on his feet looking for a seat, was thrown violently to the floor or thrown off by a sudden jerk of the car by a reckless conductor.   The boy's good luck in reaching the running board in safety did not condone the negligent act of getting on, if he was not yet safely on when thrown off. We have tried to make our meaning plain ; if we have failed it is either because our obtuseness of perception or poverty of language fails to make plain to others what is plain to us. The learned counsel for appellee seems to have misapprehended our ruling in the Powelson and other cases cited, for in his argument he uses this language :

" We still understand this court to adhere to the well-established rule that whenever the standard of duty shifts, not according to any fixed rule but with the facts and circumstances developed at the trial, the question of negligence cannot be determined by the court but must be submitted to the jury."

That is not the law applicable to this evidence ; as applicable to the facts here the law is correctly embodied in defendant's third written prayer for instruction at the trial as follows :

" Third. The evidence showing that Armand Boulfrois, Jr., being upwards of fourteen years of age, attempted to board a street car while in motion, he is prima facie guilty of contributory negligence, and the burden of proof is upon him to establish by the weight of the evidence that he successfully boarded the car, and if the jury find from all the evidence in the case, that the said Armand Boulfrois, Jr., sustained injuries in the attempt to board the car while in motion, by reason of the motion of the car, the verdict of the jury should be in favor of defendant.   *Answer :* Affirmed, with a qualification."

The substance of the qualification appears in the general charge thus : " This point is affirmed unless you find as I have stated, that the motion of the car was such as to induce the plaintiff to believe that it was about to stop, or at least the motion was such, that he or any reasonable person would be induced to believe that he could get on with safety."   The court then went on and elaborated further this qualification,

but in no manner detracted from its significance as we have quoted it. It was, in substance, a denial of the point, and in effect adopting as the law the argument of appellees' counsel already quoted that the standard of duty, as to one who gets on or off a moving car shifts, not according to any fixed rule, but with the facts and circumstances. To this we say that as to one who gets on or off a moving car and is injured by so doing the standard does not shift; he is negligent per se. But if he escaped injury by that act of his own, yet subsequently, no matter how short the time, from his own first act, by the distinct act of negligence on the part of the conductor he was injured, he can recover. The evidence showed without question that plaintiff attempted to get on a moving car; can it be reasonably said, in view of all the testimony, that he was safely on when he was jerked off by the act of the conductor?

It was error to affirm with a qualification which neutralized it appellant's third point. This is the only error requiring notice. The judgment is reversed and a venire facias de novo is awarded.

MR. JUSTICE MESTREZAT, dissenting:

For the reasons stated in the dissenting opinion in Hunterson v. Traction Co., 205 Pa. 568, I cannot concur with the majority of the court in holding " that to get on or off a moving car, whether propelled by steam or electricity, is negligence per se in him who attempts it," and, therefore, I dissent from the judgment reversing the court below.