Gaffney, Appellant, *v.* Union Traction Company.

211     91
30 SC ¹382
211     91
f215    110

*Negligence—Railways—Riding on platform—Getting off car.*

Riding on the platform of a street car, when there is available room inside the car is negligence in itself as a matter of law.

Where a person riding on the back platform of a street car gets down on the step while the car is still in motion, and is thrown off by a sudden jerk of the car and injured, he is precluded by his own contributory negligence from recovering damages from the railway company.

Argued Jan. 18, 1905.   Appeal, No. 87, Jan. T., 1904, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1902, No. 917, refusing to take off nonsuit in case of Thomas Gaffney v. Union Traction Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before McMICHAEL, J.

At the trial it appeared that on February 12, 1902, plaintiff boarded a car on Chelton avenue in the city of Philadelphia, and rode on the back platform, although there was room inside the car.   As the car approached Devon street, the plaintiff stepped down on the lower step of the car and was thrown off by a sudden jerk.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Myles Higgins*, of *Higgins & Higgins*, for appellant.

*Thomas Leaming*, with him *Thad. L. Vanderslice*, for appellee.

PER CURIAM, March 6, 1905 :

How far a passenger on a street car may carry his preparation to alight when the car is approaching his destination depends so entirely on the exact circumstances that a discussion would be useless in a case like the present, where the facts put the plaintiff outside of any possible rule of justification.   He

was riding on the back platform, though his own testimony shows that there was available room inside. This in itself was negligence as a matter of law : Thane v. Scranton Traction Co., 191 Pa. 249.

But further, as the car was approaching his destination and he had told the conductor to stop, he voluntarily put himself in a place of much greater danger by getting down on the step while the car was still in motion and he was thrown off as he said by a sudden jerk. There was really no sufficient evidence that the jerk of the car was due to negligence of the company, but even if it had been plaintiff's own negligence would have barred his recovery : Bainbridge v. Traction Co., 206 Pa. 71.

Judgment affirmed.