# Tobin, Appellant, *v.* Pennsylvania Railroad.

*Negligence—Railroads—Getting on moving train—Contributory negligence —Nonsuit.*

In an action against a railroad company to recover damages for personal injuries, it appeared that plaintiff was injured at a station where the tracks were elevated to avoid a grade crossing. The station platform was thirteen feet wide and 340 feet long, and extended to the side of the street. Across the end of the platform above the street there was a fence three and one half feet high for the protection of passengers. A train reached the station when plaintiff was on the street below, and when he was at the top of the stairs which led from the street to the platform, it was standing, or, if started, was moving so slowly that he did not observe its motion. He walked slowly across the platform and got on the first step of the car which was then in motion. Before he mounted the second step, his back was

struck by the end of the fence, which was seven inches from the side of the car and about twenty-two feet from the place where he got on the step. *Held,* that a nonsuit was properly entered.

Argued March 21, 1905.    Appeal, No. 50, Jan. T., 1905, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1901, No. 3995, refusing to take off nonsuit in case of Matthew M. Tobin v. Pennsylvania Railroad Company.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for personal injuries.   Before RALSTON, J.

The opinion of the Supreme Court states the case.

*Error assigned,* was order refusing to take off nonsuit.

*Robert W. Archbald, Jr.,* with him *Simpson & Brown,* for appellant.

*John Hampton Barnes,* for appellee.

PER CURIAM, April 10, 1905 :

The plaintiff was injured at a station where the tracks of the defendant's road were elevated to avoid crossing a city street at grade.    The station platform was thirteen feet wide and 340 feet long, and extended to the side of the street. Across the end of the platform above the street there was a fence three and a half feet high for the protection of passengers. A train reached the station when the plaintiff was on the street below, and when he was at the top of the stairs which led from the street to the platform, it was standing or, if started, was moving so slowly that he did not observe its motion.    He walked slowly across the platform and got on the first step of the car, which was then in motion.    Before he mounted the second step, his back was struck by the end of the fence, which was seven inches from the side of the car and about twenty-two feet from the place where he got on the step.

No conclusion could have been reached from the plaintiff's testimony that would have relieved him from the imputation of negligence.    There was nothing in the circumstances

to make the case an exception to the rule that it is negligence per se to step on a moving train. Nor can it be said that the plaintiff escaped the risk which he assumed and was afterwards injured by some negligent act of the railroad company. He was never safely on the train nor in a position in which his body did not extend at least seven inches beyond the side of the car, during the time that he was carried forward twenty-two feet to the fence. No negligence of the company was shown. There was no sudden start or jar of the car as the plaintiff was getting on, and there was nothing of an unusual character in the construction of the station platform or fence.

The judgment is affirmed.