## Druzepski v. People's Street Railway Company of Nanticoke & Newport, Appellant.

*Negligence—Street railways—Passengers—Standing on platform.*

Where a passenger takes his place in the body of a street car, and while therein seated is directed and forcibly urged by the conductor to go out on the rear platform, he cannot be charged with contributory negligence in taking that position, even though there were unoccupied seats inside the car.

Argued Jan. 8, 1906. Appeal, No. 17, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., May T., 1903, No. 391, on verdict for plaintiff in case of Stanley Druzepski v. The People's Street Railway Company of Nanticoke & Newport. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LYNCH, P. J.

At the trial it appeared that plaintiff was injured late in the evening of March 25, 1903, while riding as a passenger on one of defendant's cars. Plaintiff's testimony tended to show that he took his seat inside the car, but was subsequently directed

and forcibly urged by the conductor to go out on the rear platform. While standing on this platform the front wheels of the car left the track, and defendant in some way was injured.

The court charged in part as follows :

The plaintiff and his witnesses contend he did take his seat inside of the car, he had in his hand an unlighted cigar, the conductor ordered him, if he wished to smoke, to go out, or ordered him to go out, and put his hand upon plaintiff's shoulder, and directed him to the platform of the car, and, about the time the door was opened and he reached the platform, the front wheels of the car left the track and he was struck by the brake or thrown against something.

The defendant's contention is that the man was not at any time inside the car; he boarded the platform and remained there ; the conductor had directed him and others to go inside ; they did not do so; he voluntarily stood upon the platform at the time the car was derailed, and even there was not injured, and this, as counsel called it, is a " fake case," that is, a case without foundation in fact.

[If the plaintiff took a seat in the car, and was ordered out upon the platform by the conductor, and in obedience to such order went, and immediately upon reaching there the car was derailed and he was injured without fault on his part, he is entitled to recover such damages as you think are fair and right under the rules which I shall lay down.] [1]

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,180. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Quincy A. Gates*, with him *Thomas W. Hart* and *Richard B. Sheridan*, for appellant.—Plaintiff was on the platform of a moving car at the time of the alleged injury, and according to his own evidence there was abundance of room for him on the inside; he was therefore in a known place of danger and therefore not entitled to recover: Gaffney v. Union Traction Co., 211 Pa. 91; Thane v. Traction Co., 191 Pa. 249; Bainbridge

v. Traction Co., 206 Pa. 71 ; Penna. R. R. Co. v. Langdon, 92 Pa. 21 ; Penna. R. R. Co. v. Zebee, 33 Pa. 318 ; Deery v. R. R. Co., 163 Pa. 403 ; Rothstein v. Penna. R. R. Co., 171 Pa. 620 ; Solomon v. R. R. Co., 103 N. Y. 437 (9 N. E. Repr. 430).

*James L. Lenahan,* with him *Frank McCormick* and *Burton W. Davis,* for appellee.—If the passenger assumes a position of danger at the invitation of the servant of a carrier, or under the expressed or implied representation that he may safely occupy the position, the carrier will in general be held liable for the injury resulting therefrom : O'Donnell v. Allegheny Valley R. R. Co., 59 Pa. 239 ; Artherholt v. Erie Electric Motor Co., 27 Pa. Superior Ct. 141 ; Kitler v. People's Street Railway Co., 27 Pa. Superior Ct. 602.

OPINION BY ORLADY, J., March 12, 1906 :

The plaintiff's right to recover in this case depended wholly upon the finding by the jury of disputed facts. If, as he contended, and, as has been determined by the verdict to be the true version of the accident, he took his place in the body of the car as a passenger, and while therein seated, he was directed and forcibly urged by the conductor to go out on the rear platform, he could not be guilty of contributory negligence in taking that position, even though there were unoccupied seats inside the car. True, his proper place was within the car if there was room there for him, but he was not bound to resort to physical violence to maintain that right. It would be unwise, as well as dangerous to the traveling public, to approve to any rule which might encourage a resort to force under such circumstances. The propriety of the conduct of the passenger and conductor were properly submitted to the tribunal which alone should pass upon it.

When there is room to be seated inside the car in the passengers' proper place, and no special and sufficient reason is shown why he should not avail himself of it, it is negligence per se to remain on the platform of a moving trolley car, is the law declared in Thane v. Traction Co., 191 Pa. 249 ; Bumbear v. Traction Co., 198 Pa. 198 ; Bainbridge v. Traction Co., 206 Pa. 71 ; Gaffney v. Traction Co., 211 Pa. 91. But, when a passenger furnishes to the jury the special and suffi-

cient reason suggested in the Thane case, he takes himself outside the rule as therein declared.

The derailment of the car was due entirely to the manner of its management, and the verdict of the jury has met with the approval of the court below by the refusal to grant a new trial. On the hearing of that question, we assume that the character of the testimony adduced and its sufficiency were fully argued, and there is nothing on this record to warrant our consideration of the plaintiff's subsequent disposition of his verdict.

The judgment is affirmed.