# Bradney, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Getting on moving car—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries binding instructions for the defendant are proper where the evidence shows that the plaintiff in attempting to get on the platform of a moving car succeeded in getting his feet on the lower step, and was in the act of raising one of them to the platform when he was thrown off by the motion of the car, which was accelerated by turning on the power.

Argued March 28, 1911. Appeal, No. 81, Jan. T., 1911, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1907, No. 4,521, on verdict for defendant in case of Joseph Bradney v. The Philadelphia Rapid Transit Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Ralston, J.

At the trial it appeared that the plaintiff was injured on December 5, 1907, about 6.20 P. M. while attempting to get on board one of the defendant's cars.

The circumstances of the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in giving binding instructions for defendant.

*J. Morris Yeakle,* for appellant, cited: Powelson v. Traction Co., 204 Pa. 474; Boulfrois v. Traction Co., 210 Pa. 263; Quinn v. Transit Co., 224 Pa. 162.

*Thomas Leaming,* with him *Charles Biddle,* for appellee, cited: Quinn v. Transit Co., 224 Pa. 162; Hunterson v. Traction Co., 205 Pa. 568; Thane v. Traction Co., 191 Pa. 249; McDade v. Transit Co., 215 Pa. 105; Gaffney v. Traction Co., 211 Pa. 91; Rice v. Transit Co., 214 Pa. 147.

PER CURIAM, May 23, 1911:

While standing at a street crossing the plaintiff signaled the motorman of an approaching car to stop. He saw the power turned off, the brakes applied and the speed reduced, and as the car reached the crossing and was running slowly, he attempted to get on the front platform. He succeeded in getting his feet on the lower step and was in the act of raising one of them to the platform, when he was thrown off by the motion of the car, which was accelerated by turning on the power. His reason for not waiting until the car stopped was that he thought it would stop before the back platform came in line with the crossing and he would be obliged to walk in the snow to reach it. If it be assumed that the motorman was negligent in turning on the power, the plaintiff's right to recover was defeated by his own negligence in attempting to get on a moving trolley car. If he had escaped the consequences

of his own negligence and reached a place of safety on the car where he was injured by the subsequent negligence of the motorman, he might have sustained an action. But he did not succeed in getting on, the act was never completed and he was injured while doing what we have said is negligence per se. The case is on all fours with Hunterson v. Union Traction Co., 205 Pa. 568.

The judgment is affirmed.