## WRIGHT v. SIOUX FALLS TRACTION SYSTEM.

In an action by a passenger for personal injuries received in attempting to board a street car, defendant moved for a new trial after an adverse verdict on the ground that there was not sufficient evidence of negligence, and that the evidence showed that the injury was the result of plaintiff's attempt to board the moving car, the risk of which he assumed, or of his own negligence, for which defendant was not liable. The motion was granted on the express ground that the evidence was not sufficient to show negligence. Plaintiff appealed from such order, but defendant did not. **Held,** that defendant must be presumed to have acquiesced in the decision of the court, and cannot urge on appeal that plaintiff was guilty of contributory negligence or assumed the risk.

In an action by one injured in attempting to board a street car, evidence **held** insufficient to show negligence on the part of the street car company.

In an action for personal injuries caused by negligence, the negligence alleged must be connected with the injury sustained.

The mere coincidence of a sudden lurch of a car and the injury of plaintiff who was attempting to board it will not warrant an inference of negligence on the part of those managing the car.

In the absence of a statute making proof of death or injury prima faciae evidence of negligence on the part of a carrier, proof of the injury alone will not sustain a recovery.

(Opinion filed, December 11, 1911.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by S. H. Wright against the Sioux Falls Traction System. From an order granting defendant a new trial, plaintiff appeals. Order affirmed.

*Sam H. Wright,* for appellant.

To attempt taking passage upon a car running at such a high rate of speed as to be obviously and manifestly dangerous might become negligence *per se,* but where the speed is not so great as

to clearly show carelessness on the part of the intending passenger it is always purely a question for the jury. Atchinson Top. etc. Ry. Co. v. Holloway, 71 Kan. 1; C. & P. St. Ry. Co. v. Meixner, 160 Ill. 320; Corlin v. West End St. Ry., 154 Mass. 197; North Chicago St. R. Co. v. Kaspers, 85 Ill. App. 316, affirmed 57 N. E. 849; Ill. C. R. Co. v. Cheek, 152 Ind. 663; Morrow v. Brooklyn, etc., 103 N. Y. S. 998; Martin v. Southern Ry. Co., 56 S. E. 3.

Boyce & Warren, for respondent.

The jury were to see clearly that the defendant was guilty of negligence before they could find a verdict against it. Negligence will not be presumed from the mere fact of accident which is as consistent with the presumption that it was unavoidable as it is with negligence. Moore v. Metropolitan Street Ry. Co., 79 App. Div. (N. Y.) 587; see note, 14 Am. Neg. Rep. 331; Barron v. Lynn & Boston Ry. Co., 58 N. E. 1015; Timms v. Old Colony St. Ry. Co., 183 Mass. 193; Armond Boulfroid, Jr., v. Union Traction Co., 21 Pa. 263; McGann v. Boston Elevated Ry. Co., 199 Mass. 446. A person who attempts to get onto a street car while in motion does so at his own risk. White v. West End St. Ry., 165 Mass. 522; Picard v. Ridge Avenue Ry. Co., 147 Pa. 195; Thrings v. Central Park Ry. Co., 7 Robt. 116; Schmidt v. North Jersey St. Ry. Co., 10 Am. Neg. Rep. 621.

SMITH, P. J. Appeal from an order of the circuit court of Minnehaha county setting aside a verdict and judgment for plaintiff, and granting a new trial, in an action for personal injuries.

[1] The order granting the new trial is expressly limited to the ground "that the evidence was not sufficient to raise the inference of negligence on the part of the defendant or its agents or servants, and for that reason defendant's motion for a direction of a verdict should have been granted." The motion for a new trial was upon two grounds: "First. There was not sufficient evidence of any negligence on the part of defendant which contributed to plaintiff's injury or which was the proximate cause of the injury. Second. The evidence shows that the injury was the result of the plaintiff's attempt to board the moving car, the risk of which the plaintiff assumed, or of his own negligence, for which

defendant is not liable." In its answer the defendant pleads plain tiff's contributory negligence and assumption of risk in attempt ing to board plaintiff's car while the same was in motion and be fore it had come to a stop, and without having signaled defendant to stop the car or having indicated to the defendant that he desired to take passage, and, but for plaintiff's negligence, said accident would not have happened, and plaintiff would have received no injury, and that, by attempting to board defendant's car while the same was in motion and at the point alleged in plaintiff's complaint, he assumed the risk of any injury which might result under the conditions existing at that point. The order granting a new trial having been based upon one specific ground, namely, "that the evidence was not sufficient to show negligence on the part of defendant or its agents or servants, and for that reason a motion for direction of the verdict should have been sustained," is equivalent to a denial of defendant's motion for a new trial in so far as the same was based upon the ground of contributory negligence or assumption of risk. To that extent the defendant must be presumed to have acquiesced in the decision of the court, and cannot urge upon this appeal that plaintiff was guilty of contributory negligence, or that plaintiff assumed the risk of injury under conditions existing at the time of the accident.

[2] The only question for consideration is whether the evidence offered by plaintiff is sufficient to sustain an inference of negligence on the part of the defendant company. The defendant owned and operated an electric car line in the city of Sioux Falls, along Summit avenue, which crosses a viaduct over the Omaha Railroad. The street railway track runs north and south, and the Omaha road passing under the viaduct runs east and west. From the plat contained in the record it appears that the approach to the viaduct from the south is about 26 feet long, and the approach from the north is 28 feet, and that 54 feet across the top of the viaduct is perfectly level and covered with planking. At the south end of the approach to the viaduct the planking on the street is one foot and seven inches lower than the car rails. Over the level portion of the viaduct the rails are 5 inches above the plank

for a distance of 54 feet, and at the north end of the approach the rails are 10 inches above the plank. The viaduct itself is considerably higher than the street, which rises rapidly toward the viaduct in both directions. There are railings on both the east and west ends, crossing the viaduct, and a walk on each side next the railings 3 or 4 feet wide, and a step from the walk of 2 or 3 inches, to the plank covering the viaduct.

The allegation in the complaint of negligence on the part of defendant is as follows: "That the said negligence of defendant, its agents, servants, and employes consisted in their failure to provide vehicles and other appliances necessary and safe for the purpose for which the same were then and there being used, also in not having properly and safely protected the approach to the point of taking passage upon and alighting from the cars of the defendant at said point, there being no raising of the surface of the track at said point so as to render the step upon and from said cars of a reasonable and safe height from the footing or standing of the embarking and alighting passengers, the rails at that point causing about six inches perpendicular rise without any reduction of such perpendicular condition, by filling in platforms or otherwise, as would bring the level of the embanking and alighting approach at said point to the conditions existing at all other places on the line of said defendant, * * * thereby augmenting and adding to the danger incident to taking passage upon and retiring. from said cars at that point, and misleading passengers and persons intending to take passage upon and retiring from said cars, and this plaintiff was then and there misled by such unusual conditions, to undertake embarkation upon the car of said defendant. That said defendant, its agents, servants, and employes, were then and there careless and negligent in their manner of operating said car, in that they failed to in a safe and businesslike manner to propel, stop, and start the car on which this plaintiff then and there sought to take passage, and through the sudden, negligent and careless jerking this plaintiff from the bridge or ground where he was seeking to take passage as aforesaid, and in diverse other careless acts and conduct in manipulating, managing, and running

said car.  Three.  That the immediate injury to this plaintiff was the sudden, forceful and precipitous jerking and throwing the right leg of plaintiff between the knee and ankle against the step of the car of the defendant at the usual place and point of taking on passengers."

After these allegations of negligence, the character and extent of the injury alleged to have been received by plaintiff and damage sustained. are described.  Plaintiff himself apparently was the only witness to what occurred at the time of the injury.  He testified that he had to go one block from where he lived to reach the north end of the viaduct on the east side; that on the day of the accident, when he reached the viaduct, the car was coming from the south going north, but was not in sight.  A little later he saw the car coming from the south going north.  He was on the east side of the street car track at the time the car came in sight.  The car stopped at the first street south of the viaduct, and he then walked up the street car track to the usual getting on and off place.  He was standing about three feet from the track when the car came opposite.  When the car got to where he was standing, and as it passed, he caught onto the uprights and endeavored to jump onto the car.. The car had not stopped, but was going probably a mile and a half or two miles an hour.  Simultaneously with his taking hold of the two uprights there was a sudden jerk and lurch.  He then says: "I do not know from what source it emanated; but it jerked my feet abruptly from the bridge over the viaduct, and brought my right leg at this point about six inches below the knee in sharp contact with the car step.  *  *  *  At the time it struck me the position of my body was straight.  I was looking west.  I had hold of the uprights, and, when the step hit me, I realized at once I was hurt, and gave myself a sudden push, and caught on my feet.  The acts were taking hold, the lurch, and my being struck, and turning loose, and struck on my. feet.  The occurrences were almost simultaneous and as near together as four things could happen.  This lurch occurred, and then I struck the step, while one of my feet was on the floor of the viaduct.  According to my best judgment, the car came to a stop

not to exceed 20 feet from where I was standing, as I recollect it now, and before the car had gone down to the north end of the approach to the viaduct." Plaintiff does not testify that he signaled the car to stop, but on cross-examination stated he was unable to say whether he signaled it or not. Plaintiff further testified that he had been taking or getting off the car at the viaduct three or four or five times a week. There was no obstruction on the sidewalk or between plaintiff and the car. There was no particular point on the 54 feet across the level viaduct at which the car stopped. It was sometimes nearer one end and sometimes nearer the other end of the viaduct. Plaintiff selected a point to wait for the car about 20 feet, 6 or 7 steps, from the place where the car in fact stopped at the time of the accident. We are of opinion the lower court was right in holding the evidence insufficient to show negligence on the part of the defendant company or its employes. Plaintiff in his testimony does not claim that the height of the rails above the planking on the viaduct was in any way whatever, the cause of, or contributed to, the accident.

[3] It is elementary law that, in an action for negligence, some connection must be made to appear between the negligence alleged and the injury sustained. Plaintiff does not even claim in his evidence any such connection so far as the elevation of the rails is concerned. He alleges in the complaint that defendant company and its employes were negligent in starting and stopping the car. There was a total want of evidence to show such negligence. Plaintiff when offering himself as a passenger on the car as it approached the viaduct must have been plainly visible to the employes operating the car. That this is true was apparent from the fact that such employes stopped the car to enable plaintiff to take passage at a point within six or seven steps from the place he was standing when the car approached. Such employes had no occasion to believe, and no right to suppose, that plaintiff contemplated taking passage while the car was still moving.

[4] The coincidence of a sudden lurch of the car and the injury of plaintiff is not alone sufficient evidence from which to draw an inference of a negligent act on the part of the employes

handling the car.  The evidence does not disclose that the lurch was occasioned by the elevation of the rails, nor by any negligent or unusual act on the part of those handling the car.  It is not shown that the car was stopped and suddenly started, or that the lurch was anything more than might be occasioned by the elasticity of the springs on which such cars rest, and which might be put in action by the application of the brakes or the attempt of the car to reach equilibrium on the level viaduct after an ascent of the approach to the viaduct.  The only fact from which negligence, either on the part of the defendant company or of the plaintiff himself, could possibly be inferred, is that the plaintiff received an injury.

[5] In the absence of a statute making proof of death or of injury prima facia evidence of negligence on the part of the carrier, we are not aware that it has ever been held that proof of injury alone would be sufficient to sustain an action for negligence. The exact point is suggested by the language of this court in Saunders v. C. & N. W. Ry. Co., 6 S. D. 40, 60 N. W. 148.  The court said: "This does not pretend to be a statement of what did happen, but only illustrative of the effect of what happened.  It would apparently have been so easy to have shown on the trial what did really happen to the train, if anything, and so have informed the court and jury whether the company was probably to blame or not, that there seems to be no good reason for supplying the omission by a presumption, and that, too, a presumption of negligence, where a presumption of non-negligence would be equally consistent with the fact proved."  The same thought is stated in Clark v. Barnwell, 12 How. 272, 13 L. Ed. 985, where the English rule is stated and approved, as follows: "If, on the whole, it be left in doubt what the cause of the injury was, or if it may as well be attributable to perils of the sea as to negligence, plaintiff cannot recover  *  *  *  That the jury were to see clearly that the defendants were guilty of negligence before they could find a verdict against them,  *  *  *  negligence will not be presumed from the mere fact of accident, which is as consistent with

the presumption that it was unavoidable as it is with negligence." In McGann v. Boston Elevated Ry. Co., 199 Mass. 446, 85 N. E. 570, 18 L. R. A. (N. S.) 506, 127 Am. St. Rep. 509, the court says: "A plaintiff does not make out a case by proving that an electric car gave a jerk or some motion, and that he was hurt. * * * The possibility of an electric car giving a jerk is an incident to travel which any passenger must expect. To make out a case of negligence on the part of the defendant in such a case, the plaintiff must go further, and introduce evidence that the jerk in question was due to a defect in the track or to negligence in the operation of the car." See Monroe v. Metropolitan Street Ry. Co., 79 App. Div. 587, 80 N. Y. Supp. 177; Byron v. Lynn & Boston Ry. Co., 177 Mass. 303, 58 N. E. 1015; Timms v. Old Colony St. Ry. Co., 183 Mass. 193, 66 N. E. 797; Boulfrois v. Union Traction Co., 210 Pa. 263, 59 Atl. 1007, 105 Am. St. Rep. 809, note 14 Am. Neg. Rep. 331. Respondent's contention that, even though negligence of the defendant company had been proved, the facts would not entitle plaintiff to recover for the reason that he assumed the risk, cannot avail him on this appeal. Assumption of risk as a defense in the action was expressly held not available to respondent as a ground for a new trial and it is immaterial whether the holding of the trial court was founded upon its inapplicability as a defense in an action for negligence where no relationship of employer and employe existed, or upon the view that the evidence itself did not establish the defense. This ruling was not appealed from by respondent, and cannot be considered on this appeal.

The order of the trial court granting a new trial is affirmed, and the cause remanded for further proceedings according to law.