## O'DANIEL v. PENNSYLVANIA R. CO.
### (two cases).
### Civ. Nos. 3898, 3899.

District Court, E. D. Pennsylvania.
Dec. 30, 1946.

Ruby R. Vale, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff brought this action for the death of her husband by the defendant's negligence. At the close of her case the Court granted the defendant's motion for a directed verdict, on the ground of contributory negligence. These motions are to set aside the verdict and for a new trial.

The plaintiff's husband was killed while attempting to board one of the defendant's electric suburban trains at its Ardmore Station. It was 8:35 in the morning of a clear day and the train had started and was under way when the accident occurred.

"To get on or off a moving car, whether propelled by steam or electricity, is negligence per se in him who attempts it." This rule of law has been stated and applied by the Supreme Court of Pennsylvania too many times to admit of any question as to its present day validity. See Bacon v. Delaware Etc. R. Co., 143 Pa. 14, 24, 21 A. 1002; Powelson v. United Traction Co., 204 Pa. 474, 476, 54 A. 282; Hunterson v. Union Traction Co., 205 Pa. 568, 569, 55 A. 543; Boulfrois v. United Traction Co., 210 Pa. 263, 265, 59 A. 1007, 105 Am.St.Rep. 809, 2 Ann.Cas. 938; Purvis v. Buffalo, R. & P. R. Co., 219 Pa. 195, 201, 68 A. 189; Quinn v. Philadelphia Rapid Transit Co., 224 Pa. 162, 165, 73 A. 319; Bradney v. Philadelphia Rapid Transit Co., 232 Pa. 127, 129, 81 A. 187, in each of which cases substantially the language quoted appears in the opinion.

" 'To this rule, as in all rules, there are some rare exceptions.' ", Hunterson v. Union Traction Co., supra [205 Pa. 569, 55 A. 543]. There have been a few cases, none of them very recent, in which, under the exceptional circumstances involved, the court permitted the question of the plaintiff's contributory negligence to go to the jury; but in Boulfrois v. United Traction Co., supra, the Court, referring to these cases, said, "We desire it to be distinctly understood that * * * we had no intention of relaxing the well-established rule" etc.

" * * * where one is injured in stepping on or getting off a moving car, the burden is upon him to clearly demonstrate to the court why his case should go to the jury, as a rare exception to the rule.", Hunterson v. Union Traction Co., supra, 205 Pa. at page 569, 55 A. at page 543. Obviously, in any case when all facts and all possible inferences have been resolved in favor of the plaintiff, it is for the Court, not the jury, to say whether the conditions under which the injured person acted were so exceptional as to take the case out of the rule.

" * * * the exceptions are few in number, and the cases must come very clearly within them.", Purvis v. Buffalo, R. & P. R. Co., supra, 219 Pa. at page 201, 68 A. at page 191. A glance at the facts of some of the "exceptional" cases shows at once that the present case cannot be classed among them. For example, in the Pennsylvania Railroad Company v. Kilgore, 32 Pa. 292, 72 Am.Dec. 787, a woman got off a moving train when it started after two of her three young children had got off and were on the platform and when she herself with the other child was on the steps of the car. In Pennsylvania R. Co. v. Peters, 116 Pa. 206, 216, 9 A. 317, 319, the plaintiff, delayed by a number of other passengers in the car obstructing the door and platform, was on the step of the car when it started to move. The Court felt

that it was "difficult, if not impossible, for him to retrace his steps." Pennsylvania R. Co. v. Lyons, 129 Pa. 113, 18 A. 759, 15 Am.St.Rep. 701, was another case in which a passenger, on the steps of the car in the act of alighting, was placed in a position of peril by the negligent starting of the train. Powelson v. United Traction Co., supra, and Walters v. Philadelphia Traction Co., 161 Pa. 36, 28 A. 941, were cases in which the plaintiff had actually boarded the car and was on the steps but was thrown off when it started with a jerk. The real question in both these cases was whether the plaintiff's act of boarding the car while in motion was the cause of or contributed to the accident. In the Powelson case [204 Pa. 474, 54 A. 283] (referring to the Walters case) the Court said, "If * * * when safely on, by the negligent jerk of the motorman he was thrown from the platform, it cannot be said that plaintiff's negligence contributed to the accident." Johnson v. West Chester & Philadelphia Railroad Co., 70 Pa. 357, goes further than any of the others and I am inclined to think it may be out of line with subsequent decisions. If so, it must be taken to have been overruled or narrowly limited by them. However, the situation was an unusual one. The plaintiff's through ticket required him to get off the train at a junction, cross a platform and board another train which was supposed to wait for passengers from his train. He made the change as quickly as he could but the second train did not wait and "whilst he was getting on, just as the train started, he fell." Although there was some evidence that the train was moving three or four miles an hour, he himself testified that he did not suppose that it was moving at all when he tried to get on it, from which the jury could have found that the motion was almost imperceptible. It is plain from the opinion that the practical basis of the decision was that the close connection and the failure of the second train to wait amounted almost to the railroad's setting a trap for its passengers.

The facts of the present case cannot possibly be called exceptional. The tardy commuter making a dash for his train as it pulls out of the station is a commonplace of the American suburban scene. After the train had stopped and some of the passengers had got off Mr. O'Daniel was seen by one of them running across the driveway outside the station. As he got to the 20 foot platform, the starting signal—two whistles—was blown. He kept on and reached the other side just as the train started. He stood there waiting for the car steps to come by and when they came opposite him he caught the grabiron, stepped along with the train and then fell between it and the platform. The car had moved 12 to 15 feet when he grasped the grabiron and was two or three "steps" further on when he fell. One witness, by indicating the points on the scale drawing of the platform, made the total distance from the place where the train started to the spot where he fell about 25 feet and, upon the most favorable view to the plaintiff, it could not have been less than 17 or 18 feet. The train was definitely under way for its next stop.

The plaintiff contends that Mr. O'Daniel was confronted by a sudden emergency, namely, the starting of the train just as he reached it, and that this created one of the exceptional situations which should move the Court not to apply the rule. There was, however, no "emergency" by any definition. There was nothing unexpected about the starting of the train. No doubt Mr. O'Daniel hoped that it would not start before he boarded it, but it can hardly be argued that he did not fully realize that it might. He had taken the train at Ardmore daily for months and knew how long it usually waited at the platform. He must have seen this one stop and the passengers leaving when he was on the other side of the driveway and began to run for it. He may or may not have heard the starting signal but the situation in which he found himself when he stood beside the car and the train began to move was clearly one which he had every reason to anticipate, and the starting of the train was not such an emergency as would relieve a person of the degree of care which the law ordinarily requires of him.

Apart from the matter of exceptional circumstances, it was also argued that it was for the jury to say whether the speed of

the train was such as to make it negligent for the Mr. O'Daniel to attempt to try to get on it after it started. Of course, even under the rule, the speed of a moving train may be so slight as to be almost imperceptible, so that it can be boarded without negligence. In the present case, however, the train, when Mr. O'Daniel attempted to board it, could not have been going less than three or four miles an hour because, as he stepped along with it, holding the grabiron, his pace was described as "probably a little hasty." The train was an electric, not a steam, train. It was starting for its next station and, of course, was gaining speed momentarily.

In Hunterson v. Union Traction Co., supra, it was held negligence as a matter of law to attempt to get on a car moving three or four miles an hour and slowing down to a stop. The Court, in its opinion, reviewed Stager v. Ridge Ave. Pass. Ry. Co., 119 Pa. 70, 12 A. 821, and Walters v. Philadelphia Traction Co., supra, two decisions which the appellant argued made the question of contributory negligence one for the jury in view of the slight diminishing speed of the cars, and the Court pointed out that, in spite of the dictum as to speed in the Stager case [1], the judgment of non-suit was affirmed, and that the per curiam judgment in the Walters case, was not intended as any relaxation of the rule that "to get on a moving car is negligence." In Bacon v. Delaware, etc., R. Co., supra [143 Pa. 14, 21 A. 1003] the train which the plaintiff's husband attempted to board was moving "at a moderate rate of speed, estimated at four or five miles an hour." The Court said, "It is not necessary to cite authorities that it is negligence for one to attempt to get upon a train of steam railroad cars while they are in motion." In Tobin v. Pennsylvania Railroad Co., 211 Pa. 457, 60 A. 999, when the plaintiff attempted to board the car, "it was standing, or, if started, was moving so slowly that he did not observe its motion. He walked slowly across the platform and got on the first step of the car which was then in motion."

 In the present case, the accident causing the death of the plaintiff's husband was clearly contributed to by his negligence and it was the duty of the Court to so declare.

In all that has been said so far the negligence of the defendant has been assumed. It is not necessary to pass upon this point in view of the conclusion reached on the question of contributory negligence.

The plaintiff's motions are denied.

---

[1] "'We are not prepared to say, as matter of law, that the attempt of a passenger to board a street car whilst it is in motion, is to be considered an act of negligence, no matter what may be its rate of speed.'". Hunterson v. Union Traction Co., supra [205 Pa. 569, 55 A. 544].